## WATSON v. ANDERSON.

1. Though the opinions of medical men, are entitled to more weight on the trial of a cause involving the question of sanity, than that of those who are not physicians, yet it is the duty of the jury to weigh the whole evidence, and if satisfied that the testator was sane, should so find, although the medical men examined, were of a different opinion.

Writ of Error to the Orphans' Court of St. Clair.

This was a proceeding before his honor John I. Thomason, in the orphans' court of St. Clair, to try the validity of the will of William Watson, deceased. The cause was submitted to a jury, on the issues made up between the contestants, and the executor, who propounded the will for probate. The first plea, or objection interposed by the contestants, was, that the testator was not of sound mind. 2. That the will was procured by fraud, and undue influence. 3. That the testator was of unsound mind, resulting from age, bodily infirmity, and the intemperate use of ardent spirits. The 4th plea amounts to the same in effect as the second.

On the trial, a bill of exceptions was sealed by the judge, which presents the following facts: On the trial, it was agreed that all the witnesses, as well those who were not physicians, as those who were, should give their opinion as to the sanity, or insanity of the testator, with the facts on which their opinions were founded.

The executor requested the court to charge the jury, that if upon a full view of all the facts of the case, and all the evidence, and the opinion of the witnesses, those not physicians, as well as those who are, as to the sanity of the testator, they believe the said testator was of sound, and disposing mind, then they must find the will valid, although four, out of five of the physicians, gave it as their opinion that the deceased was not of sound mind. This charge the court gave, and the contestants excepted. The court had before charged, that if the will was obtained by undue influence, by Ander-

son taking advantage of the condition of the testator, result-
ing from age, infirmity, and intemperance, then the will was
void.    The verdict was in favor of the validity of the will,
and judgment being rendered, a writ of error is brought to
this court.

RICE, for plaintiffs in error.

1. Where several issues are formed on the contest of a
will, and the issues are different, and upon those issues be-
ing submitted to a jury, "there was conflicting proof as to
all the issues joined,"—it is erroneous for the court to give a
charge to find the will valid, if they found only one of those
issues against the contestants.

2. The error of such a charge is not cured, by the fact that
"in the previous part of the charges of the court, but not in
connection with the charge excepted to, the court had
charged the jury in a less objectionable form, and in relation
to another issue."    The last charge given may be taken by
the jury, and ought to be taken as a recantation of "the pre-
vious part of the charges."

3. When there are several different and material issues
submitted to a jury, in the case of a contested will, and the
last portion of the charge makes the whole case to turn upon
one of those issues only, (to wit, sanity or insanity,) this
court will reverse the judgment at the instance of the con-
testants, without indulging in conjectures as to the effect of
the charge, especially when the attempt to cure the error of
such a charge, discloses that another charge was given which
is clearly erroneous, in this, that it confined the investigations
of the jury as to undue influence, to Anderson alone, whereas
under the issues, the undue influence of any other person
would have been as fatal to the alledged will, as the undue
influence of Anderson.

WOODWARD, contra.

The whole charge given by the court must be taken to-
gether.    The court had given the charge that testator must
have been of sound mind and free from undue influence, and
it cannot be presumed that the jury would reject this instruc-
tion and adopt the one excepted to.

The charge, as asked by Anderson, and given by the court, was correct in itself, because one is not of sound and disposing mind in legal contemplation, if his mind is operated upon by undue influence.

But if these positions are untenable, then it devolved upon the party excepting, to ask the court to explain the apparent conflict in the charges, and having failed to do so, there is no ground for a reversal.   9 Ala. 452.

DARGAN, J.—The instructions given by the court, were entirely correct, and appropriate to the evidence, and the issues submitted to the jury.   The issues, in substance, are but two.   The first, as to the sanity of the testator; second, whether the will was obtained by undue influence.   The court, charged, in substance, that if it was obtained by undue influence, exercised over a weak, and infirm old man, it was void.   Secondly, that if the jury believed from the whole evidence, the testator was of sound mind, they should find in favor of the validity of the will, notwithstanding four, out of five of the physicians, gave it as their opinion, the testator was not of sound mind.   It is true, that the opinion of medical men, on the trial of a question of sanity, is entitled to more weight, than the opinion of a witness, who is not a physician.   Yet it is the duty of a jury to weigh the whole evidence, and if they are satisfied, that the testator was of a sound and disposing mind, they should so find, although the physicians who may have been examined, gave it as their opinion, that the testator was insane.

Let the judgment be affirmed.