# Mobile Land Improvement Co. v. Gass.

*Bill in Equity to annul a Resolution adopted by Board of Directors of Corporation and for Cancellation of Deeds.*

1. *Bill to annul resolution and cancel deed; equity of bill.*—On a bill filed by a corporation for the purpose of annulling a certain resolution adopted by its board of directors and for the cancellation of certain deeds conveying corporate lands made pursuant to said resolution and for an accounting with the defendant as trustee, where actual fraud is charged and it is averred that in such transaction there was a breach of the confidential and fiduciary relation existing between the defendant and the plaintiff corporation in which he was an officer and director, and it is further shown by the averments of the bill that under the resolution property was conveyed to the defendant as a gift or donation, and it does not appear in the bill that any benefit ever resulted to or was received by the complainant under said alleged unauthorized acts, such bill is not subject to demurrer on the ground that the complainant seeks to repudiate the action of its board of directors, while it still retained the benefits derived therefrom, nor on the ground that the complainant had an adequate remedy at law for the enforcement of its rights.

2. *Same; same; proper parties defendant.*—In such a bill, where it is further averred that the defendant after having received, in accordance with a resolution alleged to have been fraudulently passed by its board of directors, deeds of conveyance to certain lots owned by the complainant, sold and conveyed said lots to different persons for value and without notice, such vendees of the defendant are necessary parties to the bill; since the cancellation of the deed as prayed, from the complainant to the defendant in pursuance of said resolution, would materially affect the title of the defendant's vendees to said lot.

3. *Same; same.*—In such a case, it nowhere appearing in the bill that any consideration was paid by the defendant for the lots in question, or that any benefits resulted to the complainant company, and the bill seeks to annul an illegal and unauthorized contract of the board of directors whereby

[Mobile Land Improvement Co. v. Gass.]

the corporation had been deprived of its property to the
wrong and injury of stockholders, such bill is not subject to
demurrer upon the ground that it shows an executed con-
tract between the company and the defendant.    TYSON,  J.,
*dissenting*.

APPEAL from the Chancery Court of Mobile.

Tried before the Hon. THOS. H. SMITH.

The bill in this case was filed on June 11, 1900, by
the Mobile Land Improvement Co., a corporation, or-
ganized and existing under the laws of Alabama, against
the appellee, Herschel R. Gass.   It was averred in the
bill that among other powers conferred by the charter
of the complainant, it had the power "to purchase and
own, improve and rent or sell real estate and interest
in real estate," and that the complainant had from time
to time purchased and become the owner of real estate
situated in the city of Mobile; that under the by-laws
of the complainant regularly adopted, the board of di-
rectors was composed of five members, and the officers
to said company consisted of the president, vice presi-
dent and secretary, who was to act as treasurer of the
company, and that a majority of the board of directors
should constitute a quorum thereof for the transaction
of business; that on April 16, 1889, at a meeting of
the board of directors, Herschel R. Gass, who was a
member of the board of directors, was elected secretary
and treasurer of said company, and immediately en-
tered upon the duties of his office and continued as
such secretary up to April 30, 1900, during all of which
time he was also a director of the complainant company.
It was then averred in the bill that on November 18,
1896, the board of directors of the complainant com-
pany held a meeting in the city of Flint, Michigan, at
which place some of the directors lived; that at such
meeting there were only four directors present, and
one of these four was the defendant, Herschel R. Gass;
that the minutes of said corporation recite that at said
meeting a resolution was passed giving to the defendant
Herschel R. Gass five parcels of land, consisting of two
lots each, which are specifically described in the reso-
lution; and that the conditions upon which the said
parcels of land were agreed to be transferred and deeded

to Gass were that Gass was to erect upon each of the
five parcels of land a two-story dwelling, to cost at a
fair valuation of not less than $2,000, and that no deed
should be given to Gass to any of the land until he
had begun the erection of the houses on the same. It
was then further averred that the defendant Gass erected
houses worth not less than $2,000 upon four of said par-
cels of land, and that from time to time, as he erected
these houses, deeds to the property were made to him
by the president of the complainant company, who re-
sided in Flint, Michigan, pursuant to the terms of said
resolution; and that from time to time, as he erected
these houses and received the deeds for the lands, he
sold and disposed of the lots upon which the buildings
were erected; that at the time of filing the present
bill three of the houses and the lots upon which they
were situated, so built by the defendant, had been sold
to different purchasers for value and without notice, and
that the remaining houses which had not been disposed
of were claimed by the defendant Gass. It was averred
in the bill and shown by the deeds which were attached
as exhibits thereto, that in each of the deeds of con-
veyance to the defendant there was set out a resolution
of the board of directors under which the buildings were
erected, and that these deeds were recorded in the office
of the judge of probate. The complainant further
averred in the bill that at the meeting in Flint, Michi-
gan, on November 18, 1896, one of the directors who
was present at said meeting protested and voted against
the adoption of said resolution, but this fact nowhere
appears upon the minute book of the company; that the
resolution transcribed in the minute book of the com-
pany by the defendant, who was secretary, was not in
truth and in fact the resolution which was offered and
adopted at said meeting; that the resolution which was
offered and adopted authorized the conveyance to the
defendant Gass of three lots of land instead of five par-
cels of land as shown by said resolution; that no account
has ever been rendered by the defendant Gass to the
complainant of the profits arising from the sale of said
buildings or the lots upon which they stand. It was
then averred in the bill that there was no meeting of

the board of directors of complainant company after November 18, 1896, until the month of April, 1900, when said resolution granting the property to the defendant Gass and the things done thereunder by the defendant were brought to the attention of the board of directors and stockholders of the complainant and the same were represented by both the directors and stockholders, who authorized the filing of this bill; that many of the stockholders had no notice of the existence of said resolution and some of the directors of the complainant, in the year 1896, had no notice of the meeting at Flint, Michigan, on November 18 of that year; that said resolution adopted at Flint, Michigan, was void and of no effect because the said board of directors had no right or power to hold this meeting outside of the State without first complying with the statutes in such cases made and provided for, which said statutes were not complied with. It was then further charged in the bill that "said Herschel R. Gass in utter violation of his trust as a director of said company and as secretary and treasurer thereof and in disregard of his fiduciary relation to said company and its stockholders procured the conveyances, copies of which are hereto attached, to be made to himself as secretary of said company and he selecting for his own gain and profit that portion of the company's property which was most valuable by reason of its location, the same lying in close proximity to the main residence thoroughfare in the city of Mobile." H. R. Gass is the sole defendant to the bill.

The prayer of the bill was that upon the final hearing the chancellor decree that H. R. Gass surrender and deliver up into the registry of the court for cancellation the deeds executed by the president of the company to him to the four lots upon which the houses were built; that a reference be ordered before the register "to ascertain and determine the value of those lots, at the time each was sold, which have been disposed of by said Herschel R. Gass to innocent purchasers for value and without notice, and require said Gass to deposit in court the value in money of each of said lots so disposed of by him, with interest thereon from the

dates of said sales, and then may it please your Honor to fix and declare the title to those lots which have not been disposed of by said Gass to be in complainant and then may it please your Honor to decree said resolution of the board of directors of said company adopted at its meeting in Flint, Michigan, November 18th, 1896, and the transaction growing out of said resolution between complainant and said Gass to be null and void, and then may it please your Honor to grant unto orator such other or further relief as it may be entitled to and as your Honor shall seem just and equitable."

To this bill the defendant filed three several demurrers. The first demurrer was to the whole bill of complaint upon the following grounds: "First: Because the bill shows that under the resolution of the board of directors held in Flint, Michigan, on November 18, 1896, the defendant took and held such open and notorious possession of part of the lands covered by said resolution as to charge the complainant with notice of such possession by him, and that he received from the president of said company a conveyance executed in his name and recorded the same and held said property under it, and that the recitations of said conveyance were such as to further charge the complainant with notice that the defendant held and claimed said property under the terms of said resolution, and, being so charged with such notice, complainant allowed the defendant, without objection on his part, to further expend his money and time in the erection of buildings upon several portions of the land set out and described in said resolution. Second: Because said bill seeks to repudiate the action of its board of directors at the meeting of November 18, 1896, and still to retain the benefits derived therefrom. Third: Because, if complainant has the rights claimed in the bill of complaint, it has an adequate remedy at law for the enforcement theeof."

The defendant then demurred to so much of said bill of complaint as seeks to set aside the several conveyances to the defendant, upon the following ground: "1st: Because the bill of complaint shows that the legal titles to the several parts of the lands conveyed by said deeds sought to be set aside and annulled are

in persons not made parties defendant to the bill of complaint."

To so much of said bill of complaint as seeks to set aside said conveyance, the defendant demurred upon the following ground: "1st: Because the bill of complaint shows that the contract between the complainant and the defendant has been to that extent executed."

On the submission of the cause the chancellor rendered a decree overruling the first ground to the first demurrer and sustained all the other grounds of demurrer which were interposed  The complainant appeals, and assigns as error the decree sustaining the several grounds of demurrer interposed by the defendant.

HENRY CHAMBERLAIN, for appellant.—The complainant was entitled to maintain the bill in this case, and it could not maintain an adequate remedy at law for the enforcement of its rights.  The underlying principle of this suit is found in the confidential and fiduciary relation which existed between  Gass and the company and stockholders.  Gass's position was a fiduciary one and, he being a trustee for the company and its stockholders,. whose interests were confided to his care.  It is a rule of equity, founded on the most cogent reasoning and supported by an unbroken line of authorities, that one occupying the office of trustee can not become the purchaser of the trust estate.  He cannot represent in himself two conflicting interests.  It is the peculiar province of equity courts to interfere and dispense relief in such cases.  The authorities upon this proposition, both State and Federal, are numerous and from the number appellant refers to the following as applicable to the relation which an officer and director bears to the company of which he is a member:—*Jefferson County Savings Bank v. Francis*, 115 Ala. 317; *Twinlick Oil Co. v. Marbury*, 91 U. S. 587; *Wardwell v. U. P. R. R. Co.*, 103 U. S. 509; 7 Am. & Eng. Ency. of Law, 91; 17 *Ib.* 849; 1 Perry on Trusts (2d ed.), § 207, p. 248; 1 Morawetz on Private Corporations, § 527; 1 Story's Com. on Equity, (2d ed.), 317; 2 Pomeroy's Eq. Juris., § 1052, p. 627; Wood's Field on Law of Corporations, § 157, p. 248; 3 Thompson on Corporations, §§ 4014, 6530.

The vendees of the defendant Gass were not necessary parties to the bill. The only relief sought was against Gass himself.—*Bryant v. Young*, 21 Ala. 264; 15 Ency. Pl. & Pr., 590; *Ib.* 641; *Ib.* 621; 6 Am. & Eng. Ency. of Law, 752; *Williams v. Spraggins*, 102 Ala. 424; Perry on Trusts (2d ed.), 510, § 877.

In the averments of the bill there was no executed contract between the company and the defendant Gass. 17 Am. & Eng. Ency. of Law, 172; *Tutwiler v. Tuscaloosa Coal Co.*, 89 Ala. 39; *Perry v. Cotton S. O. Co.*, 93 Ala. 364; *Dewing v. Perdicaries*, 96 U. S. 193; *Long v. Ga. Pac. R. Co.*, 91 Ala. 522.

GREGORY L. & H. T. SMITH, *contra.*—The fact that the company stood by and allowed the defendant to expend large sums of money in building upon the faith of this resolution was a ratification of the unauthorized action of the board of directors.—*Cowen v. Southern Ry. Co.*, 118 Ala. 560. An unauthorized act on the part of the board of directors of a corporation can be ratified just as the act of an individual.—*Bibb v. Hall & Farley*, 101 Ala. 95; *Mobile & Montgomery Ry. Co. v. Gilmer*, 85 Ala. 434; *A. G. S. Ry. Co. v. S. & N. R. R. Co.*, 84 Ala. 570.

The bill seeks to set aside, cancel, and annul the conveyances made to the four pieces of property upon which buildings have been erected, and shows that parts of the property covered by such conveyances have been conveyed to third persons; and yet these persons are not made parties defendant to the bill of complaint. The holders both of the legal and equitable title to the property in controversy are necessarily parties to every proceedings in equity affecting such property.—*McCully v. Chapman*, 58 Ala. 327; 15 Ency. of Pleading, 593, *et seq.*

Conceding, for the sake or argument, that the corporation had no power to give away its property, and that the agreement to do so was *ultra vires* and void, yet the defense of *ultra vires* cannot be set up as a defense to an executed contract, and by the making of the deed the contract was executed. See *Long v. The Georgia Pac. Ry. Co.*, 91 Ala. 522; *Bigbee & Warrior Packet Co. v. Moore*, 121 Ala. 379.

DOWDELL, J.—The bill in this case is filed for the
purpose of annulling a certain resolution adopted and
passed by the board of directors of the complainant com-
pany, and for the cancellation of certain cnveyances
made to the respondent, and to have an accounting. Act-
ual fraud is charged, and it is also averred that at the
time of the alleged transactions complained of, a con-
fidential and fiduciary relation existed between the de-
fendant and the complainant corporation, in which he
was an officer and director.   Three several demurrers
were interposed to the bill.   The first going to the bill
as a whole contained three several grounds or assign-
ments, the other two, being directed to parts of the bill,
contained one assignment each.   There was a decree
sustaining these demurrers, except as to the first assign-
ment of demurrer number one, and from this decree
the present appeal is prosecuted.

The second ground of demurrer number one raises
the question, that the complainant seeks to repudiate
the action of its board of directors and still retain the
benefits derived therefrom.   There is nothing in the
allegations of the bill, to which this demurrer can be
referred.   It is true that the complainant seeks to re-
pudiate the action of the board of directors as being
wholly unauthorized, but it does not appear from any
averment or statement in the bill that any benefit ever
resulted to, or was received by the complainant under
said alleged unauthorized acts. The third ground of de-
murrer number one is equally wanting in merit.   This
ground asserts that the complainant has an adequate
remedy at law for the enforcement of its rights. The bill
after stating the facts as to the adoption of the resolution
showing its invalidity, avers the resolution of the board
of directors authorizing the grant of the lots in ques-
tion to be null and void, and that the deeds executed
under and by virtue of said resolution to be also void.
These statements and averments are to be taken as con-
fessed on the demurrer.   The bill then seeks the annul-
ment of the resolution and the cancellation of the deeds,
and further to have the defendant, who under the alle-
gations of the bill was a trustee, to account for the
trust estate which he had conveyed away.   It is too man-

ifest to require argument, that the relief sought could be had only in a court of equity.

Demurrer number two does not go to the whole bill, but only to that part which seeks to set aside the several conveyances, copies of which are made exhibits "A," "B," and "C" to the bill of complaint. This demurrer asserts that the bill shows that the legal title to the several parts of the lands conveyed by said deeds sought to be set aside, are in persons not made parties to the bill. The bill it is true admits that these persons are innocent purchasers for value and does not seek to subject the property they hold. But the bill as it stands seeks to annul the resolution and to cancel the deeds made to the respondent Gass, the vendor of these absent parties, under said resolution, without limitation or reservation as to the rights of the purchasers from Gass. The unqualified annulment of the resolution and the cancellation of the deeds of the complainant corporation to said Gass would unquestionably affect the rights of the vendees of Gass, inasmuch as the decree of annulment and cancellation would destroy a link in the chain of title of these vendees. Although no relief is prayed against them they have such an interest in the suit, taking the averments and prayer for relief together as to require their presence. The general rule in a court of equity is that all persons having an interest in the subject matter of the suit, must be made parties, either as plaintiffs or defendants. It is of importance to the vendees of Gass to have the decrees granting the relief prayed for in the bill so molded as to preserve the integrity of their title. We think this demurrer was well taken and was properly sustained.

The third demurrer attacks the bill upon the ground that it shows an executed contract between the company and Gass. The case of *Long v. Ga. Pac. R'y. Co.,* 91 Ala. 522, cited in support of this contention, is different in fact and principle from the case at bar, and, consequently, has no application as an authority. That case simply holds that one who has sold and conveyed land to a corporation and received payment for the same, cannot sue to rescind on the ground that the corporation had

[Johnston, Admr. v. McKinnon.]

no power to purchase. In the case at bar it does not appear that any consideration was paid by Gass for the lots in question, or that any benefit resulted to the complainant company, and the bill seeks to annul the illegal and unauthorized contract of the board of directors, whereby the corporation has been deprived of its property to the wrong and injury of its stockholders. This demurrer should have been sustained. The decree in respect to the first and third demurrers will be modified so as to conform to the views hereinabove expressed, and as modified will be affirmed.

TYSON, J., *dissenting*.