(108 So. 561)

**MORGAN v. WATKINS.** (4 Div. 259.)

(Supreme Court of Alabama. April 8, 1926. Rehearing Granted May 13, 1926. Rehearing Denied June 10, 1926.)

I. Executors and administrators �köⱽ264(I)— Executrix, directed by will to pay testatrix's debts, properly paid out of assets of estate testatrix's mortgage on land devised.

Mortgage given by testatrix on land devised by her was one of her debts, directed by will to be paid by executrix, so that executrix properly paid it out of the assets of the estate.

On Rehearing.

2. Appeal and error ⊫671(6)—Statement, in bill of exceptions, that question for decision was whether executrix properly paid certain debt out of assets of estate, limited inquiry.

Where bill of exceptions was an agreed statement of the case, statement that question for decision was whether certain debt was properly paid out of the assets of the estate was in effect agreement of counsel limiting question to be adjudicated on appeal to the broad inquiry stated.

Appeal from Probate Court, Pike County; J. G. Key, Judge.

Proceedings on final settlement by Katie Watkins, as executrix of the will of Emmie C. Grubbs, deceased, and contest by Annie May Morgan. From a decree passing and allowing the accounts filed, contestant appeals. Affirmed on rehearing.

Ballard & Brassell, of Troy, for appellant.

A beneficiary under the will, who has borne the burden of a debt of the testator, is entitled to contribution from other beneficiaries in the same class with himself and equally responsible for such debt. 40 Cyc. 2076; Sanders v. Godley, 23 Ala. 473. Testator's covenants running with the land are generally binding on devisees taking it, and a legatee cannot be called on to return his legacy to satisfy the claim of the executrix for commissions and expenses of the estate. 40 Cyc. 2060, 2061, 2062. Funeral expenses and expenses of administration are not debts within the meaning of a testamentary provision that decedent's debts shall be paid out of a particular fund. Currie v. Murphy, 35 Miss. 473.

A. G. Seay, of Troy, for appellee.

The note and mortgage constituted a debt against the estate payable out of the special funds. 17 C. J. 1372; Green v. Moore, 1 Stew. & P. 212; 40 Cyc. 2062. The court is limited to the proposition certified by the agreed statement. Code 1923, § 6095.

SOMERVILLE, J. The testatrix, in paragraph 1 of her will, set aside $1,000 of Liberty bonds as a fund primarily chargeable for the payment of her debts, and also for the

payment of the expenses incident to the probating of the will.

In paragraph 2 she bequeathed to the contestant, Annie May Morgan, $1,000 of Liberty bonds, but charged the bonds with liability for the payment of her debts, and for the payment of the expenses of probating the will, in the event that the first $1,000 of bonds should be insufficient for those purposes; and the executrix was directed, in that contingency, to sell and use such amount of the bonds as might be required.

In paragraph 4 she devised to Bertie Acker and the contestant, Annie May Morgan, jointly, certain described real property in Barbour county. On this property the testatrix had given a mortgage to secure her personal indebtedness evidenced by her note for $650, which with accrued interest amounted to $692.86—which amount the executrix paid to the mortgagee and payee, the Barbour County Bank.

[1] This item was unquestionably a debt of the testatrix (Green v. Moore, 1 Stew. & P. 212), which the executrix was required to pay—out of the $1,000 of bonds bequeathed to the contestant, if necessary. It was necessary, of course, to resort to the bonds for the payment of the testatrix's personal debts, and of the expenses of probating the will, if the aggregate of those debts and expenses exceeded the amount of $1,000 available from the fund primarily chargeable therewith.

The record shows that the executrix received as assets of the estate the sum of $2,588.24, which included the proceeds of all of the Liberty bonds; $20.56 in cash on deposit; and $518, recovered on a judgment in favor of the testatrix, as to which she died intestate, no disposition being made of it in the will by either special or residuary bequest.

The record shows, also, that the indebtedness of the estate, including the mortgage debt of $692.86, counsel fees allowed the executrix in the sum of $300, the cost of a monument for the grave of the testatrix, and other items, the nature of which is not disclosed, amounted to $2,337.23. From this it appears that $485 of the indebtedness of the estate was not within the classes of debt primarily chargeable upon the Liberty bonds. On the contrary, those debts, and also the costs of administration generally—the post mortem debts of the estate—were chargeable primarily upon any part of the testatrix's personal estate not specially bequeathed, and especially upon any part not disposed of by the will at all, in exoneration of specific legacies and devises. 40 Cyc. 2067, d and e; Kelly v. Richardson, 100 Ala. 584, 599, 13 So. 785. And even undevised real property is chargeable with the payment of debts in exoneration of such legacies. Lightfoot v. Lightfoot's Ex'r, 27 Ala. 356.

In this respect the decree of the trial court is erroneous. The unbequeathed personal estate, $518, should have been applied to the payment of the post mortem debts of the estate, before charging those debts upon the residue of the proceeds of the Liberty bonds after payment therefrom of the particular debts charged upon them by the will. If thereafter any part of the $518 remain, it should be divided among the testatrix's heirs at law as they may be entitled.

The decree of the probate court will be reversed in the particulars indicated, and the cause will be remanded for correction of the decree in accordance with this opinion.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

### On Rehearing.

SOMERVILLE, J. [2] The bill of exceptions in this case contains a statement that the question for decision is whether the testatrix's mortgage debt of $692.86 was properly paid by the executrix out of "the assets of estate." In extending the scope of our decision beyond that question, we overlooked the fact that the bill of exceptions is an agreed statement of the case, and hence that the recital quoted above was in legal effect an agreement of counsel limiting the question to be adjudicated on this appeal to the broad inquiry stated, and excluding any consideration of other questions raised on the trial or presented by assignments of error.

On the question submitted we have held that the action of the executrix, and the ruling of the trial court thereon, were correct; and in view of the limitation of the issue by the parties, we are constrained to set aside the reversal of the judgment heretofore ordered, and to now enter a judgment of affirmance.

Application for rehearing granted, and judgment affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.