(109 So. 102)

FANNIN v. TROTTER.  (4 Div. 232.)

(Supreme Court of Alabama.  June 10, 1926.)

1. Stipulations ⬦3.

Counsel, by written agreement, may limit issues of fact to be considered as entering into judgment to be rendered.

2. Appeal and error ⬦1009(6), 1175(7).

Under Code 1923, § 10276, Supreme Court, in chancery case, where evidence is not given ore tenus, will weigh evidence de novo, and give judgment deemed just.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Bill in equity by E. S. Fannin against Napoleon Trotter, to annul a judgment at law against complainant and in favor of respondent. From a decree declaring the amount of complainant's indebtedness to respondent (the basis of said judgment), complainant appeals. Reversed and remanded.

Wilkerson & Brannen, of Troy, for appellant.

In reviewing the decree upon the facts, no weight will be given same, but the appellate court will weigh the evidence and render judgment as it deems just. Code 1923, § 10276; Wade v. Miller, 208 Ala. 264, 93 So. 905.

R. S. Parks, of Troy, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. [1] In a recent case from the Pike circuit court we recognized the right of counsel by written agreement to limit the issues of fact to be considered as entering into the judgment to be rendered. Morgan v. Watkins, 214 Ala. 671, 108 So. 561.

[2] And in deciding the question of fact where the evidence is not given ore tenus, this court will weigh de novo the evidence given in chancery case, and give judgment as is deemed just. Code 1923, § 10276; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Wade v. Miller, 208 Ala. 264, 93 So. 905.

Under the pleading, the burden of proving the loan to Fannin and Sneider on February 4, 1920, of $225, and that to Fannin for the sum of $85.26 on May 31, 1922, and the loan of $154 to Fannin on or about February 4, 1920, by the respondent, rested upon the latter. We have carefully examined the evidence and are of opinion that the items of $225 and $85.26, with interest thereon from their respective due dates, have been proven and should be allowed. The respondent failed in the requirement of going forward with his proof of the item of $154. The same was sharply controverted. The evidence of Long supports the contention of complainant as to the item and it should have been disallowed.

The credits of respondent aggregating $67.61, and (notwithstanding the agreement of counsel) the personal account of Trotter admitted by him to be a valid credit of "around $10," viz. $11.94, should be allowed. The one-third of the $41.36 due by Fannin and Trotter to Fannin and Sneider should not be allowed as payment—as relating to the logging business, as we understand the evidence; the same being within the purview of the agreement of counsel. The same result follows as to the balances due by Tom Kelly and Clarence Teague. Moreover, these accounts were not charged to Trotter by Fannin and Sneider if there was an agreement to pay. Morgan v. Watkins, 214 Ala. 671, 108 So. 561.

This results in a reversal of the decree of the circuit court, in equity.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.