28 So.2d 183

### BUTTS v. BUTTS.
### 1 Div. 261.

Supreme Court of Alabama.
Dec. 5, 1946.

432

Wallace P. Pruitt, of Chatom, for appellant.

Wm. G. Lindsey, of Chatom, for appellee.

GARDNER, Chief Justice.

In this suit the husband seeks a divorce from the wife on the ground of adultery, and the custody of their child, now about three years of age.

At the time of the marriage in April, 1941, the wife was fifteen years of age and the husband twenty-two. He is now in the Army, and has re-enlisted for another year. They lived in the country with his parents, but sometime after he went into the Army she, with her child, moved to the home of her mother, where she now resides.

From his Army service there is allotted to her $80 per month. There is much evidence indicating that her refusal to surrender this allotment, or a large part thereof, to her husband's father brought on bad feeling resulting in her moving to her own people.

There is some evidence in the record which would sustain the charge of adultery. The wife offered much countervailing proof, and also established, without conflict, a good reputation.

These two young people have life before them, and perhaps yet there may be a reconciliation. We are convinced, therefore, that it is better no discussion be had of the evidence in this case, and indeed, it would serve no useful purpose.

This cause was tried before the trial judge, and the fact that he saw and heard the witnesses gives him a recognized advantage over this court in passing upon questions of this character. In the decree rendered the learned trial judge stated: "The testimony in support of the adultery on the part of the respondent is not convincing to the court and relief is hereby denied to the complainant for these alleged acts of adultery."

We have studied the evidence with painstaking care. We are persuaded that there is no justification for this court disturbing the finding of the court below in this cause.

The decree leaves the custody of the child with the mother, retaining jurisdiction to award the custody of the child as its welfare may demand; but, providing that the father shall have the custody of the child during the time he is home on furlough. We find no criticism of this feature of the decree in brief of counsel for appellant, and indeed, we are of the opinion that the order was entirely proper.

It results, therefore, that our conclusion is that the decree of the lower court is due to be affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON, and STAKELY, JJ., concur.