45 So.2d 157

**BOX et al. v. BOX.**

**8 Div. 507.**

Supreme Court of Alabama.

March 2, 1950.

Mitchell & Poellnitz, of Florence, for appellants.

Bradshaw & Barnett, of Florence, for appellee.

SIMPSON, Justice.

Bill in the nature of a bill of review by appellant, James Pruitt Box, non compos mentis, suing by his father as next friend and guardian, against appellee, appellant's wife when the proceedings sought to be reviewed were transacted.

The two main aspects of the bill on which relief was sought are: (1) to have set aside and vacated as void a divorce decree granted appellee against appellant October 27, 1944, for voluntary abandonment, on the ground that appellant, Box, at the time of its rendition and during the progress of the proceedings, was non compos mentis and was not represented by general guardian or guardian ad litem; and (2) to have set aside and annulled a certain deed executed by appellant to appellee under date of July 22, 1941, conveying to appellee certain real estate situated in Sheffield, Alabama, on the ground that at that time also he was non compos mentis and incapable of properly understanding the nature of the transaction when he made the conveyance.

On a final hearing the trial court denied relief in both aspects of the bill, adjudicated the appellant to have been of sound mind and capable of understanding the nature of the business when the divorce was granted in 1944 and also when the deed is alleged to have been executed in 1941.

These two rulings are assigned here as error.

Short of these two principal propositions is the question of the right, vel non, of the parties to a divorce in the present proceedings, should the court decide that the original divorce decree be set aside.

The appellant, by his bill, in addition to the above relief, also prayed that he be granted a divorce from the appellee on the ground of adultery, and the denial of this relief by the trial court is also argued as error.

By way of answer and cross bill, the appellee, in addition to denying the allegations of the specific matters in the original bill, prayed that should the original decree of divorcement be set aside by reason of the mental condition of defendant in that proceedings, the court now render in this proceeding a decree granting her a divorce under § 22, Title 34, Code 1940, by which the wife may be granted a divorce

when she has lived separate and apart from the bed and board of her husband for two years without support from him, she having been a bona fide resident of the state during said two-year period.

The trial court, by reason of his conclusion, gave no consideration to the right of the parties to a divorce on the respective grounds asserted and, in fact, the record reflects that the contesting parties were concerned primarily with the two principal propositions first above noticed and the evidence relates principally to the contest of these two questions. We think it proper, therefore, to only mention in passing our view of the right, vel non, of the parties, respectively, to a divorce on the grounds alleged, and will remand the cause for consideration of the trial court to that end.

■ The evidence was by deposition and not ore tenus before the trial court, so it becomes our duty to sit in judgment on it as if on original hearing and weigh it de novo. Tipton v. Tipton, 249 Ala. 537 (1), 32 So.2d 32; Fannin v. Trotter, 215 Ala. 17, 109 So. 102; 2 Ala.Dig., App. and Error, ⬡1009(6).

### (1).

The proceedings by which appellee was granted a divorce against appellant on the ground of voluntary abandonment were transacted and the decree rendered on his purported appearance in writing answering the divorce bill and waiving service of process and notice of the taking of testimony and submission of the cause, etc.

■ However, if appellant was incapacitated by reason of being a non compos mentis from protecting his rights when the proceedings were transacted and the divorce decree rendered, such decree, without having been represented by a guardian ad litem or general guardian, would be voidable in equity on suit seasonably filed as for fraud or extrinsic mistake, if he had a meritorious defense. Stephens v. Stephens, Ala.Sup., 45 So.2d 153;[1] Cadick Milling Co. v. Merritt, 246 Ala. 175, 19 So.2d 720; Cunningham v. Wood, 224 Ala. 288, 140 So. 351.

And it matters not whether the procurement or "concoction" of the decree under such circumstances was an intentional circumvention of proper legal procedure or be termed as constructive fraud or extrinsic mistake, it would have been such a transgression of the principles of equity as would authorize the vitiation of the decree. Stephens v. Stephens, supra, and cases cited.

■ On a painstaking study of the evidence, we have concluded that the decree of divorcement dissolving the bonds of matrimony between the parties on the ground of voluntary abandonment comes within the rule of these cases and is due to be set aside. At the time of such proceedings and the rendition of the decree the appellant, an inmate of Bryce Hospital, temporarily on leave to visit his home, was, in our view, proven by the substantial weight of the evidence to have been so mentally incapacitated by reason of a chronic, incurable brain infection or a deteriorated mental condition due to such infection, that he was incompetent to properly understand the nature of the proceedings against him or to protect his rights. True, the evidence was in dispute, but the overwhelming weight of the expert testimony tended to sustain this conclusion and this, together with all the other evidence, preponderated to support the allegations of the bill to that effect. It would serve no good purpose to relate in detail this testimony, but we will say that we were much impressed with the testimony of Doctors Tarwater and Leach, of Bryce Hospital, Doctors Littlepage and McGrath, of Sheffield, and Dr. Bennett, of Florence, tending to sustain the averments of the bill juxtaposed against that of the other expert witness, a general practitioner in Sheffield, who was shown to be the purported owner of the property in suit. The evidence of the lay witnesses was in direct conflict on this issue of appellant's insanity, and in cases of this kind where only an expert with experience and scientific knowledge in such matters can, with any degree of accuracy, determine such a delicate question, the court is prone to accord more

1. Post, p. 315.

weight to his testimony than that of a nonexpert witness. Stallworth v. Ward, 249 Ala. 505, 507, 31 So.2d 324. This has been the rule from our early judicial history. Rhodes v. State, 232 Ala. 509, 168 So. 869; Watson v. Anderson, 13 Ala. 202, 204. See also 22 C.J. 668, § 759; 32 C.J. S., Evidence, § 535.

It should be mentioned here that, while the evidence does show without conflict that when the divorce decree was granted the parties had lived separate and apart for several years by reason of the internment of appellant in the asylum, "it is * * * well understood that when a ground of divorce is dependent upon the voluntary act or omission of a spouse, that ground cannot exist if he is insane. Wray v. Wray, 19 Ala. 522; 19 Corpus Juris, 76, 77, § 170." Knabe v. Berman, 234 Ala. 433, 435, 175 So. 354, 355, 111 A.L.R. 864.

So considered, the decree of divorce on the ground of voluntary abandonment under date of October 27, 1944, is due to be set aside, vacated, and held for naught, and it will be so ordered.

### (2).

The matter of setting aside the real estate deed from Box to his wife dated July 22, 1941, grounded on the alleged mental incapacity of appellant, is not appropriate for our consideration due to the absence as a party of the present title-holder of the property, who is indispensable to any such suit. The record discloses that Dr. D. D. Cox purchased the property from Mrs. Box subsequent to her husband's deed to her and after her divorce, and that when the suit was filed he was claiming title thereto. This makes him an indispensable party and his rights should not be declared upon or adjudicated without making him a party to the litigation and giving him a full opportunity to appear and vindicate them. Mobile Land Improvement Co. v. Gass, 129 Ala. 214, 29 So. 920; 9 Am.Jur. 395, § 54.

This governing rule is under the general principle that all persons whose rights will be directly and materially affected by a decree in a suit in equity must be made parties unless too numerous or beyond the reach of process. Webster v. Talley, 251 Ala. 336(1), 37 So.2d 190; Jacobs v. Murphy, 245 Ala. 260(5), 16 So.2d 859; Turnipseed v. Blan, 226 Ala. 549(5), 148 So. 116. Equity should have before it the owners of the entire title to the property sought to be subjected to its decree and as a rule will not proceed without them. Hammond v. Bibb, 234 Ala. 192, 193(2), 174 So. 634; Amann v. Burke, 237 Ala. 380, 186 So. 769.

And it becomes the duty of the court *ex mero motu* to notice the absence of an indispensable party, whether on final hearing or on appeal. Matthews v. Matthews, 247 Ala. 472, 25 So.2d 259(4); Amann v. Burke, supra, (5).

Due to the absence, therefore, of such indispensable party, we express no opinion as to the evidence on this issue.

That phase of the decree, therefore, which sought to adjudicate the title to the property is of no effect, is reversed, and the cause as to this aspect is remanded.

### (3).

It remains only to consider the question of the rights of the respective parties to a divorce in this action. As already mentioned, since this phase of the litigation received little attention and the trial court made no decision on the question, we think it best that on this issue the cause be remanded for further consideration. Counsel for appellee argue that we should here render a decree granting appellee a divorce under the two-year, nonsupport statute, but we do not think so. Perhaps there is enough in the record upon which to rest a decree, but the trial court gave no consideration to the matter and since a remandment is due in any event, we think it proper to leave this matter also for decision below. As was stated in the recent case of Loudonville Milling Co. v. Davis, 251 Ala. 459, 464, 37 So.2d 659, 663: "* * * The lower court only gave consideration to the one defense mentioned and we think the cause is due to be remanded that the various other issues which might be properly presented on another trial may be first considered at nisi prius."

302

On the question, however, of the right of appellant to a divorce from appellee on the ground of adultery, we will say that the evidence was not convincing. There was countervailing testimony on this issue and, although it might have raised a suspicion, the courts, in order to award relief on the asserted ground, must have more than mere suspicion, and the burden is on the charging party to establish the case. We do not think this was done. Butts v. Butts, 248 Ala. 431, 27 So.2d 183; Gardner v. Gardner, 248 Ala. 508, 28 So. 2d 559; Hendrix v. Hendrix, 250 Ala. 309, 34 So.2d 214.

Reversed, rendered, and remanded.

BROWN, FOSTER, LAWSON, and STAKELY, JJ., concur.