This is an appeal from the denial of a motion for relief under Rule 60 (b) of the Alabama Rules of Civil Procedure.
The parties were divorced from their marriage of thirty years on November 3, 1983. As part of the divorce decree, the trial court adopted a property settlement agreement that had been previously entered into by the parties. At no time during either the negotiations for settlement or the divorce proceeding was the wife represented by counsel. However, at the time she signed the separation agreement, she executed an answer and waiver. Under the decree, the wife was to receive the marital household, which, according to the settlement agreement, was valued at $75,000. An appraisal, performed later and for the purpose of this action, indicates that the actual value of the house and property was closer to $40,000. On November 16, 1983, the wife was hospitalized for what her doctor refers to as "major depression with psychotic features."
On June 21, 1984, the wife, through counsel, filed a motion for relief from the divorce decree under Rule 60 (b), A.R.Civ.P. This motion was filed under Rule 60 (b)(6). Wife's motion was denied by the trial court on December 17, 1984. The wife appeals this denial.
We first note that Rule 60 (b) is an extreme remedy to be used only under the most extraordinary and compelling circumstances. Snowden v. United Steelworkers of America,435 So.2d 62 (Ala. 1983); Self v. Maynor, 421 So.2d 1279
(Ala.Civ.App. 1982). While the denial of a Rule 60 (b) motion is appealable, Branson v. Moore Group, Inc., 439 So.2d 116
(Ala. 1983), the rule is not a substitute for appeal. HarperPlastics, Inc. v. Replex Corp., 382 So.2d 556 (Ala. 1980);Pitts v. Henley, 384 So.2d 1105 (Ala.Civ.App. 1980). *Page 736 
To obtain relief under Rule 60 (b), one must allege and prove one of the grounds enumerated in the rule as well as a meritorious defense to the action. Frazier v. Malone,387 So.2d 145 (Ala. 1980). But see Ex parte Wilson Lumber Co.,410 So.2d 407 (Ala. 1982) (no allegation of meritorious defense needed if judgment attacked as void).
In her motion under Rule 60 (b), the wife alleges only one ground for relief, that of "any other reason justifying relief from the operation of the judgment" under 60 (b)(6). We note that Rule 60 (b)(6) is designed to operate exclusive of the other, more specific grounds listed in A.R.Civ.P., Rule 60 (b)(1)-(5). Alabama Farm Bureau Mutual Casualty Insurance Co.v. Boswell, 430 So.2d 426 (Ala. 1983); Ex parte HartfordInsurance Co., 394 So.2d 933 (Ala. 1981). Thus, in order for relief to be possible, the motion must be based on some reason other than those stated in Rule 60 (b)(1)-(5), and the reason urged must be such as to justify relief. Ex parte HartfordInsurance Co., supra. Relief is justified only in those exceptional circumstances when the party can show the court sufficient equitable grounds to entitle him to relief. Herefordv. Hereford, 425 So.2d 480 (Ala.Civ.App. 1983). A denial of a Rule 60 (b)(6) motion will be reversed only for an abuse of discretion by the trial court. Self v. Maynor, supra; Ex parteHartford Insurance Co., supra. Further, findings of a trial court, after an ore tenus hearing, are presumed correct, and will not be disturbed on appeal if competent evidence supports the judgment. Rapaco, Inc. v. Agee, 453 So.2d 1048
(Ala.Civ.App. 1984).
The sole question presented for review, then, is whether the trial court's finding that the evidence does not establish that the wife was insane or non compos mentis is supported by the evidence. We hold, for the reasons stated below, that it was and thus, that the trial court did not abuse its discretion in so finding.
In the event a party was non compos mentis at the time of a divorce decree, and was not represented by counsel or guardian, the decree is due to be set aside. Box v. Box, 253 Ala. 297,45 So.2d 157 (1950); McLaughlin v. McLaughlin, 53 Ala. App. 545,302 So.2d 233 (1974). However, no case has been found or cited to us which would allow a decree to be set aside for less than non compos mentis. On the contrary, the law presumes every person to be sane and casts the burden of establishing the basic matter of incompetence on the one asserting it. Cordellv. Poteete, 57 Ala. App. 645, 331 So.2d 400 (1976). Mere emotional instability or depression is insufficient; the movant must show by a preponderance of the evidence that the person was non compos mentis. Box v. Box, supra; Farrell v. Farrell,243 Ala. 389, 10 So.2d 153 (1942); Goza v. Goza, 470 So.2d 1262
(Ala.Civ.App. 1985). The term "non compos mentis" does not necessarily denote a total destruction of the intellect, but there must be at least such severe impairment of the mental faculties as to make the movant incapable of protecting himself or of managing his affairs. See Smith v. Smith, 254 Ala. 404,48 So.2d 546 (1950).
At an ore tenus hearing on the motion, the main evidence introduced by the wife's counsel to meet this burden took two forms. First, a deposition of the wife's physician, a Dr. Sudan, was introduced. Second, there was evidence and argument concerning the allegedly fraudulent nature of the settlement itself.
Dr. Sudan's first examination of the wife took place upon her entry into the hospital on November 16, 1983, almost two weeks after the divorce decree. Wife's counsel asserts that the testimony of Dr. Sudan should be conclusive as far as the issue of the wife's mental capacity is concerned. As support for this proposition, counsel cites Box v. Box, supra.
We do not agree that Box stands for the proposition that medical opinion testimony will always outweigh other evidence relevant to the subject's mental capacity. That case only points out that courts are "prone to accord more weight" to the testimony of an expert. *Page 737 
However, this is not an inflexible rule. See Smith v. Smith,254 Ala. 404, 48 So.2d 546 (1950). (The opinion of expert witnesses is not conclusive, but is to be weighed like other evidence.) The "whole evidence" must be weighed to make a determination as to one's mental capacity. Watson v. Anderson,13 Ala. 202 (1848). This evidence can be circumstantial, seegenerally C. Gamble, McElroy's Alabama Evidence, § 61.01 (9) (3d ed. 1977), and can include evidence of the conduct of other persons towards the subject person as indicating their belief in, and hence tending to prove, his sanity or insanity. Seegenerally C. Gamble, McElroy's Alabama Evidence § 61.01 (14) (3d ed. 1977).
Even if we were to agree with counsel's reading of Box, we do not agree that Dr. Sudan's testimony is as conclusive as he argues on the matter of the appellant's mental capacity as of November 3, 1983. We relate the following testimony elicited from Dr. Sudan upon questioning by the wife's counsel:
 "Q. [I]s that opinion based on reasonable medical certainty?"
 "A. I cannot be absolutely certain about that, Mr. Cooper. I just, you know, made this assumption based on my clinical evaluation . . . and . . . the overall depressive syndrome she presented at the time I saw her. Now, I could only be absolutely certain had I evaluated her around that time, but it was two weeks after that." (Emphasis added.)
Dr. Sudan's answer to a later question was similar:
 "A. I question whether she really had a good understanding of what she was signing because at the time, if she was in the same frame of mind as when I saw her, two weeks previously, because, as I've said, I've noticed that her concentration was not up to par." (Emphasis added.)
Upon cross-examination, Dr. Sudan testified as follows:
 "Q. And is it possible that you could go from the early stages of mild depression to a severe or major depression in a short length of time?
"A. Yes, its possible.
 "Q. Is it possible and have you seen cases where the first indication of depression is a major depression?
 "A. That's possible, too, and in some cases it may, you know, it may just start. . . ."
This testimony is far from conclusive.
In fact, it is entirely consistent with the inference that the wife, if she became incapacitated at all, did not do so until a time almost contemporaneous with her entry into the hospital. This conclusion is supported by the record.
For example, after the divorce decree on November 3, 1983, but before being admitted into the hospital on November 16, 1983, the wife contacted a lawyer, not her present counsel, with questions concerning the decree. She also continued to work at her job until the weekend she entered the hospital. Her employer testified that, although her productivity and quality of performance had started to decline shortly before she was hospitalized, she appeared to be aware of her situation and the people around her. She was conversing normally with her co-workers. Further, testimony from the appellee and the appellant's immediate family was to the effect that, although she seemed nervous, it was no more so than usual. That is, until the weekend she was taken to the hospital. Finally, the wife testified in the hearing that she had been aware, when she signed the papers, that they would result in a divorce.
As for the argument that the fraudulent nature of the settlement decree indicates that the wife was non compos mentis, we note only that the elements of fraud were neither alleged in a Rule 60 (b)(3) motion nor an independent action. In passing, we also note that the only evidence of fraud that was introduced was the recitation in the settlement of the $75,000 value on the house. The testimony indicates that this value was arrived at without the benefit of a professional appraisal, and only after a minimum of a month-long negotation *Page 738 
between the parties. More importantly, there is ample evidence in the record to support the trial court's finding that the settlement agreement was "fair and reasonable." In fact, the evidence suggests, at least regarding the marital real estate, that the wife received a greater share than did the husband.
Given the preceding, we cannot find that the trial court abused its discretion in denying the wife's Rule 60 (b)(6) motion.
In summary, we hold that the trial court did not abuse its discretion in finding that appellant did not meet her burden of proving that she was non compos mentis.
The judgment should therefore be, and accordingly is, affirmed.
Appellant's request for attorney's fees on appeal is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.