302 So.2d 233

**Ann McLAUGHLIN**

v.

**Robert J. McLAUGHLIN.**

**Civ. 368.**

Court of Civil Appeals of Alabama.

Oct. 23, 1974.

---

1. Cobb v. State, 50 Ala.App. 707, 282 So.2d 327.

Kenneth R. Cain, Ozark, for appellant.

Steagall & Adams, Ozark, for appellee.

HOLMES, Judge.

Appellant is appealing from the granting of a motion of summary judgment in favor of appellee on appellant's bill in the nature of a bill of review. (Under the new Rules of Civil Procedure the appellant's bill is a motion under Rule 60(b).)

Appellant, as we perceive it, sought to have a prior divorce decree set aside on the grounds that she was drinking to excess and was emotionally disturbed to the extent she was unable to function rationally at the time the decree was entered. In the alternative, appellant sought a decree setting aside the property settlement, apparently on the ground of fraud. The fraud allegation appears to be based on the ground that appellant signed papers identified as "Acceptance of Service, Answer, and Waiver," and that contained therein also was the property settlement, which appellant claims she did not realize was included because of her aforesaid emotional condition. She also sought to have the children awarded to her.

On this appeal, we deem it necessary to set out the pertinent facts as they are revealed by the record. Appellant and appellee were married on June 7, 1953. Appellee is a medical doctor in Ozark, Alabama. In 1964, appellant began to see a psychiatrist for a condition diagnosed as "passive aggressive personality." She continued her visits up until the time of the divorce in 1971.

Passive aggressive personality, from the record, is characterized by anxiety, depression and also, on occasions, impulsive and immature behavior. However, according to the depositions of a psychiatrist and of a clinical psychologist, both of whom treated appellant, it did not affect her ability to reason or to know what she was doing. It is, according to Dr. Hamby (the psychologist who treated her and whose deposition appellant submitted in behalf of her motion in opposition to the summary judgment), primarily a behavioral problem.

In mid May of 1971, appellant-appellee's seventeen year old pregnant daughter eloped. Appellant became despondent and took to drinking alcoholic beverages excessively. On May 29, 1971, appellee entered appellant as a patient of Dr. Cecil A. Prescott, a psychiatrist in a Montgomery hospital. Appellant was released on June 3, 1971.

Apparently, on June 6, 1971, appellant and appellee held discussions concerning the divorce, property settlement and child custody. In the bill of complaint filed by appellee on June 11, 1971, he alleged that appellant attacked him on May 28, 1971, and June 8, 1971, and made numerous threats toward him. Appellant was served with a copy of the complaint on June 12, 1971. On June 14, appellant went to the offices of the attorney engaged by appellee to handle the divorce for both, and there signed the "Acceptance of Service, Answer, and Waiver" which contained the property settlement and child custody arrangement. The divorce was granted on June 15, 1971. On November 7, 1972, appellant filed her bill from which this appeal originates.

The motion for summary judgment having been filed in the court below, both sides filed affidavits and depositions in support of or opposition to said motion. Appellee's affidavits, submitted in support of his motion for summary judgment, included his own and five others who dealt with appellant during the period of the divorce decree. Each states that appellant was rational and was aware of what was happening. Appellee's affidavit states that the two actually "bargained" over the property settlement. Others swore that appellant discussed the terms of the divorce with them and pondered whether or not to get herself an attorney. Appellee, as well as appellant, included in their respective

motions the deposition of the clinical psychologist and appellee also included the deposition of the psychiatrist who treated appellant in May of 1971, and both doctors stated appellant was able to manage her own affairs.

In her motion in opposition to the motion for summary judgment appellant includes her own affidavit, the affidavit of a friend and the depositions of two doctors, one of whom is the appellee. We note here that, as to appellant's mental condition, there are contradictory conclusions drawn by the very people whose affidavits or depositions appellant submitted in behalf of her motion in opposition.

While appellant states she was suffering from an emotional disturbance and unable to exercise sound judgment, the deposition of Dr. Ronald Hamby, psychologist who treated appellant, filed in support of her motion in opposition to the summary judgment (whose deposition was also filed by appellee), states clearly that appellant was able to manage her own affairs and knew what she was doing. An affidavit of Doris Keirn, also in support of appellant's opposition motion, merely states that appellant was "upset."

Considering the above, the trial court, as noted earlier, granted appellee's motion for summary judgment. Appellant assigns as error the court's action and contends that a genuine issue of material fact does exist as to the mental condition of appellant and also as to the circumstances surrounding the procurement of the property settlement.

■ Summary judgment under our Rules of Civil Procedure, to wit, Rule 56, is a procedure which provides a method for promptly disposing of actions in which there is not a genuine issue as to a material fact. The purpose is to prevent vexation and delay, and to promote expeditious disposition of cases and avoid unnecessary trials where no genuine issues of fact are raised. The court does not try issues of facts on a motion for summary judgment but only determines whether there are issues to be tried. Committee Comment, Alabama Rule of Civil Procedure 56.

■ As our summary judgment rule is a replica of the federal rule, cases interpreting the federal rule should be applicable in the interpretation of our rule. To this court, the principle involving summary judgments most applicable in this instance is that where facts asserted are such that, if established, *there could be no recovery*, or where undisputed facts are such as would preclude plaintiff's recovery, question on motion for summary judgment for defendant becomes one of law for determination of court and a proper matter for disposition by summary judgment. Greyhound Corp. v. Excess Ins. Co. of America, 233 F.2d 630 (C.A.Fla.1956).

As noted above, the depositions and affidavits filed by appellant in support of her motion in opposition are themselves in conflict as to the extent of mental condition. But, even if accepting that appellant was emotionally distressed at the time of the decree, to this court in this instance, adequate grounds for relief have not been stated, which, if established, could afford relief.

■ While insanity may be an adequate ground to set aside a divorce decree, Box v. Box, 253 Ala. 297, 45 So.2d 157; Farrell v. Farrell, 243 Ala. 389, 10 So.2d 153, no case has been found or cited to us which would allow a decree to be set aside for less than *non compos mentis*. In Kendall v. Kendall, 268 Ala. 383, 106 So.2d 653, our supreme court said that a divorce should not be denied, if based upon proper ground, merely because one of the parties is or has been receiving psychiatric treatment or even when afflicted with mild hallucinations or obsessions. While that case dealt with a defense in a divorce suit and this one concerns the setting aside of a divorce decree, it would appear the same rule would apply here. At any rate, appellant's condition appears far less serious than the *non compos mentis* which courts

have accepted as a ground to set aside a decree. Thus, in this instance as we view it, even if appellant proved her inability to fully rationalize because of emotional distress, a position contradicted by her own psychologist's deposition in support of her motion in opposition, no grounds of relief would exist.

Appellant next claims that fraud was committed against her in the matter of the property settlement in that she was unaware, apparently as a result of her emotional distress, that the papers she signed contained a property settlement. In order to support a bill in the nature of a bill of review to set aside a divorce decree, it must appear that fraud was practiced in the very act of obtaining the decree and that it was extrinsic or collateral as distinguished from intrinsic fraud. Stephens v. Stephens, 251 Ala. 431, 37 So.2d 918.

To this court, in this instance, no actionable fraud was alleged or committed in the procurement of the divorce decree containing the property settlement. It is undisputed that appellant voluntarily signed the "Acceptance of Service, Answer and Waiver" necessary for the completion of the divorce decree. From the record it appears there was no attempt by appellee to conceal the inclusion of the property settlement or to prevent appellant from reading the document. Appellant had the document in her possession with time and opportunity to read it. Appellant's claim of being "emotionally disturbed" at the time of the decree, almost two years earlier, falls far short of overcoming the presumption of sanity, and that coupled with the fact that appellant had the document in her possession and with time and opportunity to read it, leads this court to conclude that no grounds of relief are available. And despite appellant's accusations as to fraud committed against her, at no time does she claim the settlement received was unfair.

As a further ground of precluding any recovery, the court is also cognizant of appellant's failure to comply with the principle set down in Levine v. Levine, 262 Ala. 491, 80 So.2d 235. As we perceive *Levine*, the party seeking to set aside a divorce decree must tender any money received as a result of the divorce settlement to the husband or to the court before being entitled to any relief. Appellant has received $500 a month for nearly two years in addition to other properties and, presumably, as stated in the original decree, she is to receive this amount for a period of ten years. But she has failed to tender any of this to the appellee or to the court.

In summary, to this court, as seen from the above, even if appellant proved all her allegations as alleged there could be no recovery, hence the granting of the motion for summary judgment was not error. Greyhound Corp. v. Excess Ins. Co. of America, *supra*.

The judgment should be, therefore and accordingly is, affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.