WRIGHT, Presiding Judge.
This appeal is from the dismissal of a counterclaim and from a summary judgment in favor of the intervening claimant in the attachment of a boat. We reverse and remand.
Josephine Arata leased premises known as the Showboat Club on Battleship Causeway to Martin-Prine Entertainment, Inc., with Walter Martin and Timothy Prine as sureties on the lease. When they were two months in default on the rent, Mrs. Arata ordered them to leave. Various items owned by Mrs. Arata were also taken when they departed. Mrs. Arata instituted this action to recover $2,060 due on the lease and $4,000 for the conversion of her property-
Service was effected upon Martin but Prine could not be found for personal service of process. On the ground that Prine owed a debt and was a non-resident of Alabama Mrs. Arata secured attachment of a 24-foot Mercruiser “Reynell” boat on September 12, 1975. Legal publication of the levy did not prompt an answer by Prine.
*926 On May 12, 1976, Clyde Smith was permitted to intervene claiming ownership of the boat and seeking damages for the detention of his property.
Mrs. Arata denied the claim and filed a counterclaim seeking to have the boat assessed at a value of $10,000 and impose judgment on Smith for the $4,000 deficiency; asking that any sale of the boat by Prine be voided because it was in fraud of the rights of a creditor; and seeking $100,-000 damages for a conspiracy between Smith and Prine to transfer the boat and defraud a creditor.
Smith moved for summary judgment upon his claim of title to the attached property and for dismissal of Mrs. Arata’s counterclaim. After considering a deposition by Mrs. Arata, an affidavit by Smith, an affidavit by Kathleen English, the pleadings and hearing oral argument, the trial court granted both motions. Mrs. Arata’s motion to set aside the summary judgment was denied. She appealed.
Smith moved to dismiss the appeal for absence of direction of a final judgment as required by Rule 54(b) ARCP. This court informed counsel that the motion to dismiss would be granted unless the trial court directed entry of a final judgment.
In response, Mrs. Arata filed with this court a motion to suspend the appeal so that the trial court could be requested to take newly discovered evidence and reconsider its judgment. This court suspended its rules under Rule 2(b) ARAP.
After the motion for reconsideration with affidavit as to new evidence was heard and denied by the trial court, the appeal proceeded. We denied the motion of Smith to dismiss the appeal. The trial court, though refusing to set aside the summary judgment, did direct it be made final according to Rule 54(b). The judgment was then appealable.
The record after the appealable judgment was entered contained the affidavit of one Cox, in addition to those submitted in support of and in opposition to the original summary judgment, Without setting out the matters contained in the original affidavits, we agree with the trial court that they presented no material issue of fact contrary to the title of Smith to the attached property. Summary judgment was originally proper. However, the affidavit of Cox, submitted on the motion and hearing for reconsideration, did contain facts which traversed the claim of title presented by Smith.
It was the evidence of Smith that he had purchased the boat from Prine in December of 1974, and had paid him $6,000 for it. Cox stated in his affidavit that Prine still owned the boat in July or August of 1975, and that Smith and Prine discussed the sale of it in his presence at that time. Smith told Cox he was glad that he had not paid any money for the boat since it could not be located.
An issue of material fact, ownership of the boat, was presented by the affidavit of Cox. Summary judgment was then improper. Summary judgment shall be rendered only if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56 ARCP; Folmer v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975).
The moving party must clearly show the other party could not recover under any discernible circumstances and the absence of a genuine issue as to any material fact. Loveless v. Graddick, 295 Ala. 142, 325 So.2d 137 (1975).
When the factual allegations in pleadings of the party opposing the motion for summary judgment are supported by affidavits or other evidentiary material, they must be taken as true in ruling on the-motion. Rainey v. Ford Motor Credit Co., 294 Ala. 139, 313 So.2d 179 (1975).
On motion for summary judgment the court does not try issues of fact but determines whether there are issues to be tried. McLaughlin v. McLaughlin, 53 Ala.App. 545, 302 So.2d 233 (1974).
*927 We find no error in the dismissal of the counterclaims of plaintiff. Dismissal was granted on motion asserting that the pleading failed to state a claim upon which relief could be granted. The affidavits of both parties were before the court. The motion was therefore treated as a motion for summary judgment. Rule 12(b), ARCP. There was nothing presented by Mrs. Arata which raised any genuine issue of fact as to the matters stated in her counterclaims. Summary judgment was properly entered for Smith as to each counterclaim.
The record reveals that Prine was personally served with summons and complaint since the taking of this appeal. The effect of such personal service upon the attachment of the boat, whether the property of Prine or of Smith, is not before us on this appeal. However, the statute provides for abatement of ancillary attachments in certain instances. Title 7, Sec. 885, Code of Alabama (1940). Possible future abatement of the attachment does not render the issue before us moot.
For error, related herein, the judgment below is affirmed in part, reversed in part and remanded.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.