HOLMES, Judge.
The Circuit Court of Montgomery County granted the defendant’s Rule 56, ARCP, motion for summary judgment.
*1380 The plaintiff appealed. The sole issue on appeal is the correctness of the trial court’s granting of the Rule 56 motion. We affirm.
The facts of this case and its predecessor are somewhat involved and only those facts necessary to this appeal will be set out.
Prior to the lawsuit which is the basis of the instant appeal, Nolin and O’Donnell sued Leavell, the present plaintiff, and the present defendant, Jordan. That suit was for the negligent destruction of a house. A default judgment was had against the present defendant, Jordan, in favor of No-lin and O’Donnell, in the amount of $1,500. This judgment was paid by Jordan.
After a jury trial was had, a verdict was returned in favor of Nolin and O’Donnell and against Leavell. The amount of this judgment was $3,500. During the course of the O’Donnell and Nolin v. Leavell jury trial, the learned trial judge instructed the jury that Jordan was an independent contractor for Leavell. The trial court further instructed the jury that if the employer (Leavell) was guilty of concurrent negligence with the independent contractor (Jordan), the fact that an independent contractor performed the act in question was no defense.
In addition to the above, the trial court instructed the jury that if a judgment was returned against Leavell, then in that event, the $1,500 paid by Jordan to O’Donnell and Nolin must be deducted from any damages assessed against Leavell. Put another way, Leavell received credit for Jordan’s payment. As noted earlier, the jury returned a verdict in favor of Nolin and O’Donnell and against Leavell. This matter was appealed to this court by Leavell and affirmed on March 2, 1977, Ala.Civ.App., 342 So.2d 1323.
We now arrive at the point of the instant appeal. Leavell now sues Jordan for negligent performance of a contract. The breach of the contract complained of arises from the same facts as the lawsuit set out hereinabove, to wit, Jordan destroyed the wrong house and thereby breached his contract with Leavell. In view of the prior lawsuit and the subject matter of this appeal, the trial court granted defendant’s motion for summary judgment. Hence, this appeal.
The following language as found in McLaughlin v. McLaughlin, 53 Ala.App. 545, 548, 302 So.2d 233, 236 (1974), is applicable in this instance:
“To this court, the principle involving summary judgments most applicable in this instance is that where facts asserted are such that, if established, there could be no recovery, or where undisputed facts are such as would preclude plaintiff’s recovery, question on motion for summary judgment for defendant becomes one of law for determination of court and a proper matter for disposition by summary judgment. Greyhound Corp. v. Excess Ins. Co. of America, 233 F.2d 630 (C.A. 5 1956).” [Emphasis supplied.]
It is clear to this court that Leavell and Jordan have been judicially determined to be joint tort-feasors. It is equally clear that Leavell is now attempting to sue his joint tort-feasor.
The law in Alabama is that one of several joint tort-feasors cannot enforce contributions from the other. Home Ins. Co. v. Stuart-McCorkle, Inc., 291 Ala. 601, 285 So.2d 468 (1973). See also 5 Ala. Digest Contributions @=»5 and 5(1). As a matter of law, under the facts of this case, Leavell cannot recover from Jordan. The trial court did not err in granting defendant Jordan’s motion for summary judgment.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.