[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1264 
Wayne Goza and Sarah Goza were divorced in the DeKalb County Circuit Court on January 11, 1984. The decree adopted the separation agreement of the parties. When the husband failed to follow the separation agreement and convey certain real property to the wife, the wife filed a petition to show cause and to convey the property. The husband then filed an answer and cross-petition requesting that the separation agreement be set aside, alleging that he lacked the requisite mental capacity to enter into such an agreement at the time of its execution. The trial court treated the husband's cross-petition as an Alabama Rules of Civil Procedure rule 60 (b) motion for relief from the final judgment. After an ore tenus hearing the trial court entered an order denying the husband's motion and ordering him to comply with the divorce decree. The husband appeals.
At the outset we again note the cardinal rule that after an ore tenus hearing this court affords the judgment of the trial court a strong presumption of correctness and will reverse the judgment only when a careful examination of the record shows that the evidence is so unsupportive of the judgment as to make it plainly erroneous, palpably incorrect, or manifestly unjust.Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App. 1984). The rationale behind the rule is that the trial court has personal contact with the parties before it and is thereby afforded an opportunity for firsthand observation of their demeanor, whereas the reviewing court is bound by the strictures of a written transcript. Barran v. Barran, 431 So.2d 1278
(Ala.Civ.App. 1983).
 I
First, the husband contends that the separation agreement should be set aside because he did not have the requisite mental capacity to enter into it at the time of its execution. To set aside a divorce decree, or, as here, part of it, based on lack of capacity, the movant bears the affirmative burden of proving by a preponderance of the evidence that he was non compos mentis at the time of its execution. Ritenour v.Ritenour, 448 So.2d 956 (Ala.Civ.App. 1984); McLaughlin v.McLaughlin, 53 Ala. App. 545, 549, 302 So.2d 233 (1974). The movant must overcome a presumption of sanity. Cordell v.Poteete, 57 Ala. App. 645, 331 So.2d 400 (1976). Mere emotional instability or depression is insufficient; there must be a showing of actual insanity and that the person who was non compos mentis was not represented by a guardian ad litem. Boxv. Box, 253 Ala. 297, 45 So.2d 157 (1950); Farrell v. Farrell,243 Ala. 389, *Page 1265 10 So.2d 153 (1942); Nelson v. Nelson, 408 So.2d 101 (Ala.Civ.App. 1981), cert. denied, 408 So.2d 104 (Ala. 1982). The term "non compos mentis" does not necessarily denote a total destruction of the intellect, but there must be at least such a severe impairment of the mental faculties as to make the movant incapable of protecting himself or of managing his affairs. SeeSmith v. Smith, 254 Ala. 404, 48 So.2d 546 (1950).
Friends of the husband testified that during the separation and divorce he lost weight, appeared unkempt, lost interest in his business and his hobbies, and he cried in front of them. A psychiatrist employed to examine the husband testified that the husband suffered from a severe emotional disorder during the divorce but that he knew his holdings and what was going on in his business life. During the separation and divorce the husband flew an airplane, engaged in at least some business activity, told friends that he wanted to convey to his wife the property included in the separation agreement because he still loved her and had hopes of reconciliation, and was involved in negotiating the separation agreement to the point of making suggestions to his accountant and attorney that were later incorporated into the final agreement. Thus, the evidence at best shows that the husband was in a state of depression and made a business decision that he later regretted. The proof offered by the husband did not rise to the level of proving that he was non compos mentis as has long been required.McLaughlin, supra.
 II
The husband next contends that the trial court erred on a procedural ground. The original judgment was entered on January 11, 1984; the husband's motion for relief was filed on May 22, 1984, alleging fraud and lack of capacity. The trial court granted the wife's motion to strike that part of the husband's motion based on fraud as untimely filed.
The husband's motion based on fraud was treated by the trial court as a rule 60 (b)(3) motion. As such, it should have been made within four months of the entry of the original judgment.Parr v. Parr, 423 So.2d 229 (Ala.Civ.App. 1982). The trial court cannot enlarge the time for this motion, though it is vested with broad discretion to act within the time limits. Seegenerally 7 J. Moore J. Lucas, Moore's Federal Practice ¶ 60.28 [2] (2d ed. 1948).
The husband contends that his motion should relate back under rule 13 (c) to the wife's petition to show cause, which was filed within four months of the judgment, and thus be within the four-month limitation of rule 60 (b)(3). We disagree. Rule 13 (c) allows a counterclaim to "relate back to the time the original plaintiff's claim arose." Rule 13 (c), A.R.Civ.P. For rule 13 (c) to apply, however, there must be a counterclaim. The motion that the husband wishes to relate back is not a counterclaim; it merely attempts to collaterally attack the original judgment by setting up the affirmative defenses of fraud and that the judgment was void for lack of capacity. The trial court can treat a motion improperly characterized as a counterclaim as an affirmative defense and treat the pleading as though it had been properly designated. Rule 8 (c), A.R.Civ.P. Here, the trial court properly treated the husband's motion not as a counterclaim but as an affirmative defense and properly dismissed as to the fraud count.
Thus, the trial court properly granted the wife's motion to strike as to fraud.
 III
Finally, the husband argues that the trial court erred in allowing the husband's former attorney to testify to certain matters arising from their relationship. First, he says that the court erred in allowing the attorney to testify to certain communications made to the wife's attorney regarding certain changes in the divorce agreement requested by the husband. And, second, the husband says that the court erred in allowing his former attorney to testify as *Page 1266 
to the husband's mental condition at and before the execution of the separation agreement. He contends this was a violation of the attorney-client privilege.
The attorney-client privilege is the oldest privilege of confidentiality afforded by the common law, having survived since the latter days of Elizabeth I. 8 Wigmore, Evidence § 2290 (McNaughton rev. 1961). Alabama has enacted this common-law privilege by statute:
 "No attorney or his clerk shall be competent or compelled to testify in any court in this state for or against the client as to any matter or thing, knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing the knowledge of which may have been acquired in any other manner."
Section 12-21-161, Code 1975.
As to husband's first contention, it appears from the record that the husband's former attorney was allowed to testify concerning certain communications made to the attorney for the wife relating to changes in the agreement requested by the husband. An attorney does not violate the attorney-client privilege when he testifies concerning a matter that is manifestly not intended to be private but is intended to be communicated to an adverse party. Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965), cert. denied, 382 U.S. 988,86 S.Ct. 548, 15 L.Ed.2d 475 (1966). See also, Annot., 26 A.L.R.2d 858, 864. Since the communications at issue were part of the negotiation process involved in settling the divorce, the communications were generally intended to be communicated to third persons, i.e. the attorney for the wife, and, therefore, they are not privileged.
Husband's second contention is that the court erred in allowing his former attorney to testify concerning his mental condition at and before the execution of the separation agreement. The former attorney was questioned as to her opinion of her client's mental competency from the time of the former attorney's employment until the separation agreement was signed. The trial court allowed the testimony over the husband's attempt to invoke the attorney-client privilege.
Before the attorney-client privilege attaches, there must be a communication between the attorney and the client that is confidential, Sawyer v. Stanley, 241 Ala. 39, 1 So.2d 21
(1941), and it must have been communicated because of the attorney-client relationship. § 12-21-161, Code 1975.
It clearly appears that the controverted questions were based on confidential information gained by the former attorney by means of her relationship with the husband. This being so, the information is privileged and the trial court erred in overruling the husband's invocation of the privilege. However, the error is not cause for reversal.
About a dozen other witnesses testified about the husband's mental competence during the time at issue. Thus, when the former attorney testified concerning the husband's mental state, she was only one of many witnesses who testified as to that issue. The attorney's testimony was improperly admitted, but as such was not reversible error since there were numerous other sources of the same information. Rule 45, Alabama Rules of Appellate Procedure. See also, Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716 (1967); Osborne v. May, 270 Ala. 327,119 So.2d 230 (1960); Park-Robertson Hardware Co. v. Copeland,11 Ala. App. 447, 66 So. 880 (1914).
Based on the foregoing, the judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1267