INGRAM, Judge.
In this breach of contract case, the trial court found for the appellant (supplier) and awarded a judgment in the amount of $10,-000. The supplier moved the court to alter that amount, contending that it was too low and not supported by the evidence, or in the alternative, to order a new trial on the amount of damages. The court denied that motion, and this appeal followed.
The record shows that the supplier provided drugs to the appellee (pharmacy) on open account. Over the course of approximately five years, the value of the drugs supplied to the pharmacy totaled more than $240,000. As the testimony revealed was customary in the pharmaceutical business and between the parties in this case, unsold drugs could be returned to the supplier for a credit against the pharmacy’s account. A dispute arose between the parties regarding when the supplier could pick up unsold drugs that the pharmacy wanted credit for. As a result, between $10,000 and $13,000 worth of drugs for which the pharmacy sought credit was not picked up, according to the pharmacy’s testimony. The supplier testified and introduced evidence that showed it had accounts receivable plus interest from the pharmacy in the amount of $25,341.
The trial court apparently determined that the supplier breached its contract with the pharmacy in not picking up the returnable merchandise even though there is evidence that the pharmacy (who would have benefited most by such exchange) was less than cooperative in effectuating the inventory and return of drugs for set-off credit on the account. Such determination in itself amounts to a substantial credit to the pharmacy. The court noted that the pharmacy admitted owing the supplier some money, but not the amount claimed by the supplier, that is, $25,341. The court awarded the supplier $10,000. The supplier appeals.
The supplier contends that the amount arrived at by the court is not supported by the evidence nor by any reasonable inference which could be drawn therefrom. Namely, it contends that the only evidence the court had regarding the credit due the pharmacy, which could be set off against the total balance due the supplier, was the pharmacy’s speculation that it had credits in the amount of between $10,000 and $18,-000. Subtracting $13,000 from $25,341, the supplier notes, still leaves an amount more than $2,000 greater than the trial court's judgment. It therefore contends the judgment is not supported by the evidence. We agree.
It is axiomatic that a trial court’s ore tenus determination is afforded a strong presumption of correctness. However, that determination is due to be reversed when a careful examination of the record shows that the evidence is so unsup-portive of the judgment as to make it plainly erroneous, palpably incorrect, or manifestly unjust. Goza v. Goza, 470 So.2d 1262 (Ala.Civ.App.1985).
We have so examined the record and found that the supplier is due, at a *829 minimum, $12,341. We therefore reverse and remand this case to the trial court, so that it can alter its judgment on the issue of the amount of damages in a manner consistent with the evidence and this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.