EDWARD N. SCRUGGS, Retired Circuit Judge.
The complaint of U-J Chevrolet Company (seller) against Mr. Ball (buyer) alleged causes of action for fraud, innocent or mistaken representation, and breach of contract. After an ore tenus nonjury trial, the circuit court rendered a judgment for the seller for $2,800. The buyer appealed and primarily contends that the evidence was insufficient to prove any type of fraud on his behalf and, further, that the trial court should not have awarded any punitive damages to the seller.
We have been favored with helpful briefs from counsel for each side.
The record has been reviewed in accordance with the attendant presumptions, and the following is revealed thereby.
The buyer traded in two cars in purchasing four trucks from the seller in May 1986. One of the cars was the vehicle in controversy, a 1980 Oldsmobile Toronado (Olds), for which the buyer was allowed $3,000 as a trade-in credit upon the purchase of the trucks. At that time, the odometer mileage on the Olds was 67,625. The buyer signed an odometer form to that effect, and he told the seller’s salesman that 67,625 was the correct mileage. When he first came to the seller, the buyer said that the Olds was a real good car with low mileage.
The trades and purchases were completed, and the seller was offered $3,000 for the Olds by a third party. Before that transaction with the third party was concluded, the title and other papers concerning the Olds were received by the seller. Those instruments indicated that when the buyer gave a lien upon the Olds to a bank in December 1984, the odometer mileage reading on the Olds was 128,609. The vehicle was sold to the third party by the seller for $1,000 instead of $3,000 because of the mileage discrepancies.
The buyer testified that he bought the Olds when it was new. He subsequently replaced the original diesel engine with a 1979 gasoline engine. In December 1984, he borrowed from the bank, with the Olds being collateral security for the loan. He states that he informed the bank of the engine swap and that he told the bank that the mileage on the gasoline engine was 128,609, a figure which he contends that he picked out of the blue.
The buyer further testified that in May 1986 he told the seller that he did not know the true number of miles on the gasoline engine. At the trial, he stated that the Olds itself only had 67,625 miles on it at the time of his trade with the seller.
The salesman for the seller was recalled as a witness and testified that, in trading, the seller went by the miles which were recorded on the odometer and not by the miles on the gasoline engine and that the engine mileage probably would not correspond with the odometer mileage reading.
The ore tenus findings of the trial court are presumed to be correct and will not be disturbed on appeal unless they are so unsupported by the evidence as to be palpably wrong. M.D. Pharmaceutical, Inc. v. Mitchell, 510 So.2d 827 (Ala.Civ.App.1987).
In his brief, the buyer admits that the seller’s evidence clearly presented two contradictory statements by the buyer as to the mileage on the Olds, 67,625 in May 1986 and 128,609 in December 1984. The trial court was in the best position to resolve the conflicts in these representations of the buyer as to the odometer readings on those two dates and did so in favor of the seller. It is undisputed that the buyer *56 did not inform the seller as to the title odometer certification that the Olds had 128,609 miles on it as of December 1984 and that the seller did not discover the higher figure until after it received the lien documents, including the title, from the bank. By then, the trade had beén completed, and the buyer had received the $3,000 credit for the trade-in of the Olds.
The evidence was sufficient for the trial court to find therefrom that the buyer had knowledge of the falsity of a material representation which he made to the seller and that it was made with the intent to deceive the seller, who relied thereon to its damage. Jarrard v. Nationwide Mutual Insurance Co., 495 So.2d 584 (Ala.1986). Additionally, the evidence was adequate for the award of punitive damages. In short, we find no error as to any of the issues which were raised by the buyer in either of his briefs. The trial court was not palpably wrong.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges' concur.