INGRAM, Presiding Judge.
The parties were divorced from their marriage of thirty-five years by final decree of the circuit court on February 15, 1989. Incorporated into the divorce decree was a settlement agreement reached between the parties in open court. The circuit court reviewed the settlement agreement and found the agreement to be fair and equitable in all respects. On February 20, 1989, the husband filed a motion to set aside the final decree, contending that (1) there was not a meeting of the minds effecting an agreement between the parties and (2) the husband was unable to understand and appreciate the terms of the agreement because of alcohol dependency and stress.
After an ore tenus proceeding, the trial court denied the husband’s motion. The husband appeals.
The dispositive issue on appeal is whether the trial court erred in denying the husband’s motion to set aside the divorce decree.
At the outset, we again note the cardinal rule that, after an ore tenus proceeding, this court affords the judgment of the trial court a strong presumption of correctness. Hester v. Hester, 474 So.2d 734 (Ala.Civ.App.1985). So strong is this presumption that we will reverse the judgment only when the evidence is unsupportive of the judgment so as to make it plainly erroneous, palpably incorrect, or manifestly unjust. Goza v. Goza, 470 So.2d 1262 (Ala.Civ.App.1985). The rationale behind this rule is that the trial court has personal contact with the parties and is thereby afforded an opportunity for firsthand observation of their demeanor, whereas this court is bound by the strictures of a written transcript. Goza, supra. Furthermore, to set aside a divorce decree or, as here, part of it, based on lack of capacity, the movant bears the affirmative burden of proving that he was non compos mentis at the time of its entry. Goza. The movant must overcome a presumption of sanity. Mere emotional instability or depression is insufficient. Goza. However, the term “non compos mentis” does not necessarily denote a total destruction of the intellect, but there must be at least such a severe impairment of the mental faculties as to make the movant incapable of protecting himself or of managing his affairs. Goza.
Here, the husband contends that he is a recovering alcoholic and had been in recovery for only a few months when the agreement was reached. He contends that, on the day of the settlement, he was under a great deal of stress and that he should not have made any major decision during the first year of his recovery, and, there *1078 fore, that the trial court should have granted his motion to set aside the divorce decree. We disagree.
We pretermit a detailed discussion of all the facts. However, we do note the following: The record reveals that both parties were represented by counsel. Further, on the day the parties reached the settlement agreement, the court went to great lengths to make sure the parties knew what was going on. The court informed both parties that “it’s important that everybody understand by the time we finish here what the agreement is and that there not be any misunderstandings about it. So, listen carefully.” The husband’s attorney then proceeded to state in open court what the agreement was. The court then asked the husband whether he understood and agreed to what had been stated as being the agreement, and he answered “I do.” The court then asked if either party felt they needed any additional time to confer with their lawyer before the court adopted the agreement. Again, the husband’s response was “no, sir.” At that time, the court explained the consequences of the agreement’s being adopted by the trial court:
“THE COURT: Let me explain to you that it [the settlement agreement] does now become a part of the Court’s order. It’s not just an agreement between you any more. It’s an order of the Court and has been — your agreement having been ratified and adopted by the Court, and, so, I think you need to understand that it takes on new significance at this point. It’s no longer just an agreement between the two of you, but it’s an order of the Court and one that I would expect the two of you to abide by and do whatever is necessary to implement. I know this has been a long and tedious process of getting to this point. I’m sure it didn’t just happen this morning, but this, perhaps, was the culmination of a lot of hours of talking and considering a settlement process.”
As noted above, the trial court then found the settlement agreement to be fair and equitable in all aspects and approved and adopted it.
After a review of all the evidence and in view of the presumption of correctness accorded the trial court, we find no evidence that the husband was non compos mentis at the time of the agreement. In fact, we find from a review of the record that the husband knew and understood what he was agreeing to.
The husband raises a second issue on appeal concerning an execution sale. However, this issue is not properly before us. The husband filed his notice of appeal on June 7, 1989. This notice indicated that the appeal was from the trial court’s denial of the motion to set aside the divorce decree. From a review of the record, we do find that the husband filed a motion to vacate the wife’s execution and sale. However, this motion was filed on July 3, 1989, almost one month after the notice of appeal. We also find that this motion to vacate was denied on August 25, 1989, and there is no notice of appeal filed from the trial court’s order on that issue.
The wife’s request for attorney’s fees on appeal is granted in the amount of $750.00.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.