This is an appeal from the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The unmarried and unemancipated minor child in this case filed her petition pursuant to § 26-21-4, Ala. Code 1975, for a waiver of parental consent for an abortion and requested appointed counsel.[1] Following an ore tenus proceeding, at which only the minor child testified, the trial court entered an order which stated:
 "The court observed the carriage, demeanor, and deportment of the child who attained the age of sixteen years only one month ago and finds as follows:
 "The court finds that [the child] presented no evidence that she either consulted medical or mental health professionals regarding advice and counsel on abortion or alternatives to abortion. [The child] presented no evidence that advice and counsel was obtained from medical or mental health professionals regarding the medical, physical and/or psychological effects of abortion or alternatives to abortion. [The child] has solicited no advice or counsel from any adult source other than the 18 year old high school male friend who is the putative father of the unborn child. [The child] testified that she would spend the night with a friend who is age 16 if she had an abortion. No evidence was presented to the court relative to the friend's capabilities or the feasibility of these post operative plans. [The child] testified that she had a good family relationship and presented no evidence of abuse or violence in her home. She testified that she was concerned that her pregnancy would disappoint her parents. The foregoing considered the court finds that [the child] does not exhibit a pattern of deliberation necessary for mature decision making. The court further finds that [the child] has not fully addressed and considered the emotional aspects of the effects of abortion or the alternatives to abortion. [The child] did not appear to this court to possess and did not exhibit through her carriage, demeanor, and deportment, the ability and/or maturity to make a knowing and informed choice. Therefore, all things considered, the court finds that [the child] is not mature and well informed enough to intelligently make the abortion decision without the consent of either of her parents. The court further finds that her lack of maturity dictates that consultation with a parent or parents who have reared a child from infancy to the young age of sixteen is both preferable and desirable, and in the child's best interest. Parents ordinarily possess information essential to a physician's exercise of his medical judgment and advice concerning the child. Therefore, the court finds that the absence of parental consultation could be detrimental to the child both emotionally and physically. Further, the court finds that an abortion without parental consent of loving, caring parents is not in the best interests of the child. The court further finds that the child's post operative plans are inadequate and without the same, the performance of an abortion could be detrimental and life threatening to her; that abortion without parental consultation and consent is not in the child's best interest; and therefore, all things considered, the Court finds that abortion is not in the best interests of the child."
The minor child appeals.
Our supreme court has held that in order for the trial court to deny a minor a waiver of parental consent to an abortion, it must specifically find two things: "that the minor is not mature and well enough informed to *Page 921 
make the abortion decision, and that the performance of the abortion is not in the best interest of the minor." Ex parteAnonymous, 595 So.2d 499, 500 (Ala. 1992); Ex parte Anonymous,597 So.2d 711 (Ala. 1992).
The record in this case reflects that the minor child is 16 years and one month old and in the eleventh grade. At the time of the hearing the minor was four weeks pregnant. The minor testified that her 18-year-old boyfriend was the father, that they had known each other all of their lives, and that they attend the same school. The minor also testified that her boyfriend had agreed to pay for an abortion. The minor also testified that she had considered the alternatives to an abortion.
The minor testified she has a good relationship with her parents, and that she is especially close to her mother. The minor also testified that she had not discussed her pregnancy with her parents, because she felt that her mother would be very disappointed in her. The minor child further testified that it was her boyfriend that had taken the initiative in her obtaining a waiver of parental consent for an abortion and that she did not seek a judicial waiver on her own.[2] Also, the minor presented no evidence that she had sought advice from a medical professional or a counselor concerning an abortion and other alternatives. It appears from the record that the minor's primary reason for seeking a waiver of parental consent for an abortion was to avoid disappointing her mother. The minor testified that she understood, and was willing to accept, the risks associated with the abortion procedure. The minor also testified that her boyfriend and her 16-year-old best friend would accompany her to the clinic for an abortion and that she would stay at her 16-year-old friend's house after the abortion procedure. She also testified that if complications arose from the procedure that she would go to the hospital immediately.
The only testimony in this case was by the minor child, and she was not cross-examined; therefore, her testimony in this case is undisputed. Our supreme court has held that the ore tenus rule has no application when the facts are undisputed.[3] Ex parte Anonymous, 618 So.2d 722 (Ala. 1993). That opinion did not, however, overturn Hall v. Mazzone,486 So.2d 408 (Ala. 1986), and other cases regarding the ore tenus rule. "The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of [the witness]." Id., 486 So.2d at 410. In this case, it was the minor child.
The trial court specifically stated that it had considered the minor child's demeanor before it denied the request for a waiver of parental consent. The appellate courts "must relysolely on [the] written" transcript of the minor child's testimony. Id. at 411. Consequently, we find that the ore tenus rule is applicable in this case as it pertains to the demeanor and physical maturity of the child, and other observations the trial court was able to make, which are not before this court.Id.
The trial court's order states that the minor child "did not exhibit through her carriage, demeanor, and deportment, the ability and/or maturity to make a knowing and informed choice." The trial court found that "consultation with a parent or parents . . . is . . . in the child's best interest." UnlikeEx parte Anonymous, 618 So.2d 722 (Ala. 1993), wherein our supreme court held that the trial judge erred by placing undue weight on the minor child's responsibility to consult with her parents and, thus, misapplied the law to the facts of the case, the trial judge in this case placed great weight on the minor child's demeanor, deportment, and carriage. The trial judge had personal contact with the minor child and was "thereby afforded an opportunity for firsthand observation of [her] demeanor, whereas this court is bound by the strictures of a written transcript." Bailey v. *Page 922 Bailey, 560 So.2d 1076, 1077 (Ala.Civ.App. 1990).[4]
After considering the record evidence, as well as the lack of evidence, we cannot determine the trial court's findings to be erroneous or hold that the trial court erred in denying the petition for a waiver of consent.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs in the result only.
YATES, J., dissents.
[1] As appointed counsel, the attorney was bound to pursue the minor child's petition, whereas, a guardian ad litem would be bound to pursue the minor child's best interest, which, in the guardian ad litem's mind might be contrary to the petition. The trial courts may consider appointing guardian ad litems in these cases.
[2] Our supreme court has held that a minor's decision to resort to the judicial process and to request advice of counsel may, of itself, indicate maturity. Ex parte Anonymous, 595 So.2d 497
(Ala. 1992).
[3] The use of guardian ad litems, as well as court-appointed counselors, may aid the trial courts in reaching these difficult decisions.
[4] Otherwise, a petition for a waiver of parental consent could simply be filed with a supporting affidavit prepared by counsel or the minor child, and the trial judge would be bound by the written evidence in the affidavit.