I concur in the result for the following reasons.
First, I am firmly convinced that the ore tenus rule applies in all proceedings, including petitions for waiver of parental consent, when oral testimony is taken before a trial judge. While our supreme court has held that the ore tenus rule has no application when the facts are undisputed in these type proceedings, Ex parte Anonymous, 618 So.2d 722 (Ala. 1993), that opinion did not overturn Hall v. Mazzone, 486 So.2d 408
(Ala. 1986), and other cases regarding the ore tenus rule. "The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of [the witness]." Id., 486 So.2d at 410. Whereas, the appellate courts, in these type cases, must rely solely on the written transcript of the minor and any other witnesses's testimony.
Second, the minor's testimony clearly shows that she was mature and well-informed enough to make the decision to have an abortion. Maturity in an abortion case includes both mentaland physical maturity. Certainly, a frail or sickly child may not possess the maturity necessary to make the decision.[1] In the most recent opinion released by this court regarding a waiver of consent, the record was totally lacking of any evidence regarding the 16-year-old minor *Page 926 
child's physical maturity; the judgment denying the waiver was affirmed. See In the Matter of Anonymous, 650 So.2d 919
(Ala.Civ.App. 1994). The 17-year-old minor in this case is a cheerleader at a major high school and teaches gymnastics to younger children three days a week. This clearly says a lot for the minor's physical and mental maturity. In view of this evidence, as well as the other undisputed evidence set out in the majority opinion, I concur in the result.
[1] A frail or sickly minor child would also need the care and attention of loving and caring parents after the abortion, although this pertains more to the "best interest" prong.