YATES, Judge.
Oscar Crumpton and Marlene Wood, residuary beneficiaries under the last will and testament of their deceased brother, James Crumpton, appeal from the probate court’s final order on a partial settlement of the estate in favor of Harry J. McDowell, executor of the estate. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
James Crumpton died on December 13, 1993. In his will, he had devised to each of his siblings, Oscar Crumpton and Marlene Wood (hereinafter “the beneficiaries”), 40% of his estate; he devised to a friend[1] 20% of his estate. Crumpton also had requested that his executor consider options that would enable Crumpton Sprinkler Company, Inc., to continue as an ongoing business rather than being dissolved and liquidated. Item three of Crumpton’s will provided specific *692 instructions regarding McDowell’s authority and discretion to carry out the provision regarding the corporation.
The record reveals the following. McDowell had been the corporation’s accountant since its inception, and he continued in that capacity after being appointed as executor. McDowell also appointed himself as the president of the corporation, served as the accountant for the estate and the corporation, and became one of the potential buyers of the corporation, all with the full knowledge of the beneficiaries. The primary dispute arose when a proposed sale to a group of employees, which included McDowell, was rejected by the beneficiaries.
McDowell alleged that an agreement in principle had been reached to sell the assets of the corporation to a group of corporation employees, which included him, “in his individual capacity as a minority shareholder” of the corporation and “as a provider of financing arrangements” to accomplish the sale. As a component of the sale, substantially all of the accounts receivable were sold to McDowell’s daughter. The accounts were purchased with monies from her trust fund. Ultimately, the employee group did not go forward with the purchase of the corporation.
After serving as executor for approximately 14 months, McDowell asked the court for instructions as to how to proceed with regard to the accounts receivable and for instructions and approval for the distribution of all of the stock in the corporation as a partial distribution to the beneficiaries. He contended that, although the sale of the corporation was not finalized, the beneficiaries had had the use of the proceeds from the sale of the accounts receivable. McDowell argued that the beneficiaries should be required to pay to his daughter a sum equal to the amount of interest that would have accrued on the trust fund, had the monies not been removed, and to pay the expenses incurred in financing the purchase. He requested payment of fees to himself as executor and to his attorney and asked the court to “enter a decree of partial settlement and partial discharge of [McDowell] for his acts and doings from December 16, 1993, to and through March 8,1995.”
The beneficiaries objected, stating that payment should not be made: (1) for any interest or reimbursement of any out-of-pocket expenses to McDowell’s daughter relating to financing the purchase of the accounts receivable of the corporation; (2) for any expenses for which no claim had been filed in the probate court; (3) for any fees to McDowell until all assets had been obtained and he was ready to make a final distribution; (4) for any fees to McDowell’s attorney until final distribution; (5) for additional fees to McDowell for his time spent in his capacity as president of the corporation; and (6) for an “excess refund.” Additionally, the beneficiaries objected to McDowell’s request for an order of partial settlement and partial discharge, arguing that such an order should not be entered until McDowell was ready to make a final distribution of all assets.
The court heard three days of testimony. At the hearing, both sides presented much evidence, including testimony and documentation regarding all transactions involving McDowell. The beneficiaries’ former attorney testified regarding his role in negotiations with McDowell’s attorney regarding the proposed sale. The court, on November 8, 1995, entered an order stating that McDowell had acted in good faith and with full, fair, and timely disclosure to the beneficiaries regarding his role and interest in the corporation; that McDowell had distributed the stock upon termination of negotiations to sell the corporation and was, therefore, released from all liability arising from the distribution; and that the beneficiaries had fully tried all issues regarding malfeasance by McDowell in his capacity as executor. The court: (1) discharged McDowell from all liability regarding his actions as executor for the period from December 1993 through his resignation in March 1995; (2) approved all claims for payment, with the exception of five that the beneficiaries had disputed; (3) approved for payment to McDowell all accounting fees for the estate, executor’s fees, and an interest recovery fee for the initial loan regarding the purchase group; (4) approved for payment to McDowell’s attorney a partial attorney’s fee, plus reimbursement of expenses; and (5) “discharged and fully released” McDowell *693 “from any and all liability growing out of the administration of the estate ... from its inception, i.e., 16th day of December, 1993, through the date of the filing of his petition for partial settlement, March 14, 1995.” The court declined to rule on McDowell’s request for accounting fees for services performed for the corporation and on an estate tax corporate distribution issue, ruling that these two issues were without prejudice to the parties.
The beneficiaries appeal, contending that the probate court had no authority to totally absolve McDowell of any liability for his actions; that the rulings in this case should not be considered res judicata; and that the attorney-client privilege was violated when their former attorney was required to testify.

Authority of the Probate Court

The probate court has original and general jurisdiction as to all matters regarding the probate of wills, the administration of an estate, and the right of executorship. § 12-13-1, Ala.Code 1975. The beneficiaries argue that the court went outside the pleadings and testimony in its finding that McDowell “has done absolutely nothing wrong in all of his many conflicts of interest in this case” and that the court ruled beyond its authority regarding McDowell’s role as executor.
There is evidence to support the court’s determination that McDowell did not breach his fiduciary duty as executor of the estate; however, to the extent that the probate court’s judgment relieved McDowell of all liability, we must reverse the judgment. Section 43-2-628, Ala.Code 1975, provides:
“ When the estate has been fully administered and it is shown by the executor or administrator, by the production of satisfactory vouchers, that he has paid all sums of money due from him and delivered up, under the order of the court, all the property of the estate to the parties entitled and performed all the acts lawfully required of him, the court must make a judgment or decree discharging him from all liability as such executor or administrator.”
It was premature for the court to discharge McDowell of all liability as executor before a final settlement of the estate. See Humphrey v. Boschung, 47 Ala.App. 310, 253 So.2d 760 (1970), aff'd, 287 Ala. 600, 253 So.2d 769 (1971) (final settlement and distribution must precede an order of discharge for an administratrix).
Regarding the compensation allowed, according to § 43-2-682, the court was authorized to grant fees to both McDowell and his attorney. That section provides:
“Upon any annual, partial or final settlement made by any administrator or executor, the court having jurisdiction thereof may fix, determine and allow the fees or other compensation to which any such administrator or executor is entitled from an estate up to the time of such settlement, and may also fix, determine and allow an attorney’s fee or compensation, to be paid from such estate to attorneys representing such administrator or executor, for services rendered to the time of such settlement.”
We, therefore, affirm the court’s award of fees on the partial settlement.

Res Judicata

The beneficiaries argue that the rulings in this case should not be given res judicata effect. The four essential requirements for application of the doctrine of res judicata are: (1) that a prior judgment was rendered by a court of competent jurisdiction; (2) that that prior judgment was rendered on the merits; (3) that the parties to the action in which the prior judgment was rendered and the parties in the present action are substantially identical; and (4) that same cause of action is presented in both actions. Broughton v. Merchants Nat'l Bank of Mobile, 476 So.2d 97 (Ala.1985). There has been no second action filed involving these parties; in other words, we are not presented in this case with the question whether the matters decided in this case should be given res judicata effect in another case. The beneficiaries apparently want us to rule that if in the future they should sue McDowell for actions related to his administration of this estate they will not be met *694 with a res judicata defense. Although the court entered a final order pursuant to Rule 54(b), Ala. R. Civ. P., the issue of res judicata is not properly before this court. We, therefore, do not decide it.

Attorney-Client Privilege

The attorney-client privilege is governed by § 12-21-161, Ala.Code 1975, which states:
“No attorney or his clerk shall be competent or compelled to testify in any court in this state for or against the client as to any matter or thing, knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing the knowledge of which may have been acquired in any other manner.”
Although the general rule in Alabama is that an attorney will not be compelled to testify regarding matters communicated to a former client, there is an exception for communication that has been relayed to a third party. See Goza v. Goza, 470 So.2d 1262, 1266 (Ala.Civ.App.1985). The former attorney testified regarding his role in negotiating with McDowell’s attorney regarding the proposed sale; any “communications” made during those negotiations would have been with a third party. The primary purpose of the former attorney’s testimony was to prove that the beneficiaries had known of McDowell’s role in the proposed sale of the corporation. The beneficiaries made independent statements indicating they had known of McDowell’s role; therefore, if allowing the former attorney to testify was error, it was harmless.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.

. This person is not a party to this lawsuit.