On Application for Rehearing

HOOPER, Chief Justice.
This Court’s opinion of December 19, 1997, is withdrawn, and the following is substituted therefor.
This case involves the release of an executor from liability after a partial distribution of the estate. The Court of Civil Appeals reversed the portion of the order of the Jefferson County Probate Court that relieved Harry McDowell, as executor of the estate of James S. Crumpton, from liability for the period during which he was involved in a proposed sale of the decedent’s company, the Crumpton Sprinkler Company, a corporation. Crumpton v. McDowell, 721 So.2d 690 (Ala.Civ.App.1996). The Court of Civil Appeals affirmed part of the probate judge’s ruling. It determined that the trial judge correctly found that McDowell did not breach his fiduciary duty. However, it reversed the portion of the trial judge’s order that relieved McDowell of liability for the period in question. The Court of Civil Appeals also affirmed an award of fees to McDowell and his attorney. We address the portion of the Court of Civil Appeals’ judgment that reversed McDowell’s release from liability.
We hold that the probate court correctly determined that McDowell should be relieved of liability for the period in question. Thus, the judgment of the Court of Civil Appeals is reversed as to the liability issue.
McDowell is the executor of the estate of James Crumpton; Oscar Crumpton and Marlene Wood are residuary beneficiaries. McDowell’s handling of James Crumpton’s company after Crumpton’s death is the subject of this dispute. McDowell was the president of the company. James Crumpton requested that the business not be liquidated following his death and stated his preference that it continue to operate. As an alternative to dissolution and liquidation, McDowell and other employees proposed to buy the company.
This dispute arose when the proposed sale of the company was rejected by the beneficiaries of Crumpton’s estate. As a component of the proposed sale, McDowell’s daughter was to receive substantially all of the accounts receivable, which she was to purchase with money she had in a trust fund account. Because the beneficiaries rejected the proposed sale, McDowell asked the probate court for instructions on how to proceed with regard to the accounts receivable. Also, aware that the sale would not take place, McDowell asked for approval of a distribution of all of the corporation’s stock to the beneficiaries; this would have amounted to a partial distribution of the estate.
He requested that the court enter an order of partial settlement and partial discharge for his acts from December 16,1993, through March 8, 1995. The beneficiaries objected to McDowell’s request, arguing that such an order should not be entered until McDowell was ready to make a final distribution of all assets. The probate court entered an order releasing McDowell from liability for the period in question, finding that McDowell had acted in good faith, having given full, fair, and timely disclosure to the beneficiaries regarding his role in the sale of the corporation. The court also determined that the beneficiaries had fully tried all issues regarding McDowell’s alleged wrongdoing as executor.
The beneficiaries appealed to the Court of Civil Appeals, arguing that the probate court did not have the authority to completely absolve McDowell of liability for his actions during that period. They also argued that the order of the probate court should not have a res judicata effect on a subsequent action in the circuit court regarding his conduct as executor. As stated above, the Court of Civil Appeals reversed the order of the probate court as to one ruling — the probate court’s relieving McDowell of all liability for the period in question. The Court of Civil *696 Appeals did not answer the res judicata question.

I. Can McDowell Be Relieved of Liability?

The question before this Court is whether the probate court can relieve an executor of liability before the final settlement or distribution of the estate. In determining that McDowell could not be relieved from liability, the Court of Civil Appeals considered § 43-2-628, Ala.Code 1975. That court held that a discharge from liability can take place only after the final settlement as provided in § 43-2-628, and not after a partial settlement. McDowell argues that § 43-2-519 controls in this ease and that it treats a partial settlement as final and conclusive. The Court of Civil Appeals did not address § 43-2-519. That section states:
“Whenever any administrator or executor shall file any annual, partial or final settlement in any court having jurisdiction thereof, the court shall, at the request of such administrator or executor, require that notice thereof be given in the same manner as required by law in cases of final settlements, and any order or decree of the court on such settlement after such notice shall be final and conclusive as to all items of receipts and disbursements and other transactions and matters shown therein, and as to all fees and compensation fixed or allowed to any such administrator, executor or attorney, and appeals therefrom shall and must be taken in the manner provided for from any other final decrees of such court. Thereafter, at any time prior to final settlement, the account may be reopened by the court on motion or petition of the administrator, executor, beneficiary or other party having an interest in the estate for amendment or revision, if it later appears that the account is incorrect, either because of fraud or mistake.”
(Emphasis added.) Section 43-2-519 authorizes the partial settlement of an estate and provides that such a settlement shall be “final and conclusive.” We agree with McDowell that § 43-2-519 applies to this ease to relieve him of liability for the period in question. The partial settlement in this case should be final and conclusive because there is nothing left for McDowell to do as executor in connection with the Crumpton Sprinkler Company. The Court of Civil Appeals erred in limiting its analysis to § 43-2-628.
The Court of Civil Appeals also considered Humphrey v. Boschung, 47 Ala.App. 310, 253 So.2d 760 (Ala.Civ.App.1970). That case states that for discharge to take place under § 43-2-628, it must be preceded by a final settlement and distribution. However, in the present case, there was a partial distribution, which, according to § 43-2-519, “shall be final and conclusive.” Thus, Humphrey does not apply, because it addressed a situation involving a final and complete settlement, not a partial settlement.
If the beneficiaries discover fraud or mistake in McDowell’s handling of the sale of the company, then § 43-2-519 allows them to reopen the account at any time before final settlement of the entire estate. Any other result could cause an executor to be subject to suit for years after being discharged from the position of executor. Some probate settlements take decades to conclude. There has to be some closure to the process.

II. Res Judicata

The beneficiaries argued that the decision of the probate court should not have a res judicata effect on claims relating to McDowell’s conduct as executor. They argue that they should now be able to maintain an action in the circuit court regarding McDowell’s conduct as executor. The beneficiaries have, in fact, filed an action in the Jefferson County Circuit Court, alleging negligence and breach of fiduciary duty. The parties have been ordered to refrain from conducting discovery until the issues presently on appeal from the probate court have been resolved. The Court of Civil Appeals did not decide the res judicata issue. That court stated: “There has been no second action filed involving these parties; in other words, we are not presented in this case with the question whether the matters decided in this case should be given res judicata effect in another case.” 721 So.2d at 693. However, the complaint in that “second action” was *697 filed in the circuit court on December 20, 1995. The Court of Civil Appeals opinion was released on December 13, 1996. Therefore, a second action was pending at that time.
However, the res judicata question is not properly before this Court for review. The probate court did not make a ruling regarding the doctrine of res judicata. Neither party is seeking relief from an adverse ruling on the res judicata issue. Any question as to whether the probate court ruling has a res judicata effect on the circuit court action is a question to be presented in that circuit court action; it is not now before this Court.

III. Conclusion

We reverse that portion of the Court of Civil Appeals’ judgment holding that McDowell could not be relieved from liability. We hold that he may be relieved from liability for the period in question. We remand this case to the Court of Civil Appeals for an order or proceedings consistent with this opinion.
OPINION OF DECEMBER 19, 1997, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED; APPLICATION OVERRULED.
MADDOX, SHORES, HOUSTON, KENNEDY, COOK, BUTTS, and SEE, JJ., concur.